# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

WILLIAM JAMES GRIFFIN et al,

    Plaintiffs,

v.

BENEFYTT TECHNOLOGIES, INC. et al.,

    Defendants.

Case No. 2:20- CV-00630-AKK

**OPPOSED[1]**

## PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs move this Court for leave to file their First Amended Complaint, attached hereto as Exhibit 1. In support of their motion, Plaintiffs state as follows:

---

[1] Defendants' counsel have indicated that they have not yet taken a position but are awaiting direction from their clients.

## SUMMARY OF ARGUMENT

Plaintiffs filed their original complaint in this matter on May 5, 2020. Defendants subsequently moved to dismiss Plaintiffs' complaint against them, claiming that Plaintiffs' complaint had various technical pleading deficiencies with respect to the allegations against it. As set forth in Plaintiffs' Opposition to Defendants' Motion to Dismiss[2], Plaintiffs believe that the motion to dismiss is without merit. However, in order to avoid any question or further delay in this proceeding, Plaintiffs seek to file the attached First Amended Complaint. The amendment addresses the purported technical pleading deficiencies claimed by Defendants, makes additional factual allegations and names two additional Plaintiffs and an additional Defendant, Assurance IQ, LLC. Accordingly, Plaintiffs seek leave to file their proposed First Amended Complaint as permitted by Rule 15(a)(2).

## POSITION OF OPPOSING COUNSEL

In accordance with this Court's Initial Order, Plaintiffs' counsel has contacted opposing counsel regarding this motion. Defendants' Counsel have indicated that they do not have a position yet and are awaiting direction from their clients.

---

[2] Doc. 22.

## ARGUMENT

I. **The Court Should "Freely Give Leave" to Plaintiffs to Amend TheirComplaint Because Justice So Requires.**

Under the Federal Rules, a court "should freely give leave" to amend a pleading "when justice so requires."[3] Rule 15(a)'s "thrust" is "to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'"[4] This is particularly true where a plaintiff seeks leave to amend for the first time.[5]

The Eleventh Circuit has recognized that Rule 15(a) "severely restricts" a district court's discretion to deny leave to amend.[6] A district court's discretion "is broad enough to permit denial" only where "a substantial reason exists to deny leave to amend."[7] Leave to amend may be denied under circumstances of "undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

---

[3] Fed. R. Civ. P. 15(a)(2).
[4] *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *see also U.S. for Use and Benefit of Krupp Steel Prods. v. Aetna Ins. Co.*, 831, F.2d 978, 983 (11th Cir. 1987) (recognizing that the 11th Circuit "has accepted a policy of liberal amendment").
[5] *See, e.g., Drury v. Countrywide Home Loans, Inc.*, 2008 WL 2131977, at * 1(M.D. Fla May 21, 2008) (a plaintiff's "first amendment" is "well within the liberal policy of 'freely given' leave.").
[6] *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005).
[7] *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006).

amendment, [or] futility of amendment."[8] None of these circumstances are present here.

### A. Plaintiffs' Proposed First Amended Complaint Would Not Create Undue Prejudice.

Leave to amend a complaint may be denied only where amendment creates undue prejudice, such as where the timing or substance of the proposed amendment would leave the opposing party unable to effectively respond.[9] In this case, Plaintiffs seek to file their First Amended Complaint within the deadline for adding new claims and before any substantive discovery has been conducted. In fact, no deadlines other than briefing deadlines on the motion to dismiss have been set. In addition, amending to add additional parties into this action, as opposed to filing a new action, promotes judicial efficiency and reduces the burden on the Court and the parties.

### B. There Is No Other "Substantial Reason" to Deny Amendment.

A "substantial reason" to deny leave to amend only exists where the movant has unduly delayed in seeking amendment, seeks amendment for dilatory motive,

---

[8] *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1341 (11th Cir. 2014).
[9] *See Watkins v. Farmers & Merchants Bank*, 237 F. App'x 591, 593 (11th Cir. 2007) (allowing leave to amend to add new claims after close of discovery would be prejudicial"); *Maynard v. Bd. of Regents of Div. of Univs. Of Fla. Dept. of Educ. Ex rel Univ. of S. Fla.*, 342 F.3d 1281, 1286-87 (11th Cir. 2003) (affirming denial of amendment filed on last day of discovery period).

has repeatedly failed to cure deficiencies, or amendment would be futile. None of those reasons are present here.

First, Plaintiffs have not unduly delayed. Such delay exists where the movant seeks to add new claims based on facts known long before he sought leave to amend and further amendment would delay the proceedings.[10] Here the proposed First Amended Complaint, which addresses the purported technical deficiencies cited Defendants' Motion to Dismiss, makes additional factual allegations and names additional parties, would be filed before the entry of a scheduling order and before any formal discovery has been conducted. Furthermore, as explained more fully in Plaintiffs' Opposition to Defendants' Motion to Dismiss, Plaintiffs have stated claims upon which relief may be granted and this amendment is not futile.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs leave to file their First Amended Complaint.

Respectfully Submitted, this 17th day of August, 2020

/s/ F. Inge Johnstone
One of the Attorneys for the Plaintiffs

---

[10] *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013).

<u>OF COUNSEL</u>
F. Inge Johnstone
Matthew F. Carroll
JOHNSTONE CARROLL, LLC
2204 Lakeshore Drive
Suite 303
Homewood, AL  35209
Telephone: (205) 383-1809
Facsimile:  (888) 759-3882
Email:  ijohnstone@johnstonecarroll.com

Joe R. Whatley Jr.
W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
P.O. Box 10968
Birmingham, AL 35203
Telephone: (205) 488-1200
Facsimile:  (800) 922-4851
E-mail: jwhatley@whatleykallas.com
         tbrown@whatleykallas.com

Patrick J. Sheehan
WHATLEY KALLAS, LLP
101 Federal Street, 19th Floor
Boston, MA  02110
Telephone:  (617) 573-5118
Facsimile:  (617) 371-2950
Email:  psheehan@whatleykallas.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been electronically filed on August 17, 2020, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Harlan I. Prater IV
Wesley B. Gilchrist
LIGHTFOOT, FRANKLIN & WHITE LLC
400 20th St. North Birmingham, AL 35203
(205) 581-0700
hprater@lightfootlaw.com wgilchrist@lightfootlaw.com

David L. Balser*
Zachary A. McEntyre*
Timothy H. Lee*
KING & SPALDING LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
(404) 572-4600
dbalser@kslaw.com zmcentyre@kslaw.com tlee@kslaw.com
*admitted pro hac vice


                                         */s/ F. Inge Johnstone*
                                         Of Counsel