UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62371-CIV-SINGHAL

WILLIAM JAMES GRIFFIN, *et al.*,

    Plaintiffs,

v.

BENEFYTT TECHNOLOGIES, INC., *et al.*,

    Defendants.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon the Motion to Dismiss Amended Complaint (DE [57]) filed by Defendants Benefytt Technologies, Inc., and Health Plan Intermediaries Holdings, Inc. (collectively "HII"). The motion is fully briefed and ripe for review. For the reasons discussed below, the Motion to Dismiss is granted in part and denied in part.

I.    INTRODUCTION

Plaintiffs William James Griffin ("Griffin"), Ashley Lawley ("Lawley"), Vickie Needham ("Needham"), William Cooper ("Cooper"), and Sandra Wilson ("Wilson") (collectively, "Plaintiffs"), allege that HII and others acted in concert to defraud Plaintiffs and others into purchasing health insurance products that did not provide the coverage they expected. More specifically, Plaintiffs allege that HII and a network of sales agents operated by Defendant Assurance IQ, LLC ("Assurance") and other non-party entities utilized deceptive lead-generation websites and advertisements to market HII's health plans to consumers searching for comprehensive health care coverage offered pursuant to the Patient Affordable Care Act ("ACA" or "Obamacare"). (¶¶ 15-20). Plaintiffs allege the sales agents, utilizing a script provided by HII, deceptively led them to believe they were purchasing ACA-compliant health insurance policies that provided comprehensive

coverage with no pre-existing condition limitations. But, after seeking medical care for various ailments and injuries, Plaintiffs found their claims were not covered; they allege the products they purchased were not comprehensive health insurance policies, were not ACA-compliant, and did not cover pre-existing limitations and, as a result, Plaintiffs incurred liability for medical expenses that would have been covered by comprehensive medical insurance.

Plaintiffs, on behalf of themselves and a putative class of similarly situated consumers, sue HII and Assurance for violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* Count I alleges violation of RICO, 18 U.S.C. § 1962(c); Count II alleges RICO conspiracy in violation of 18 U.S.C. § 1962(d); Count III alleges violation of 18 U.S.C. § 2 by seeking to and aiding and abetting in violation of 18 U.S.C. § 1962(c); and Count IV seeks declaratory and injunctive relief under 18 U.S.C. § 1964(a).

This action was originally filed in the Northern District of Alabama. (DE[1]). Defendants moved to transfer the case to this district (DE [27]) under the first-filed rule. Eleven months before Plaintiffs filed this case, a different set of plaintiffs filed a class action against the HII Defendants in this district. *See Belin v. Health Ins. Innovations, Inc.,* Case No. 19-61430-CIV-AHS (S.D. Fla. filed June 7, 2019). The Alabama district court granted the motion and transferred the case to this Court over the Plaintiffs objections. (DE [33]).

HII moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). HII argues Plaintiffs fail to state a claim for a substantive RICO violation, 18 U.S.C. § 1962(c), or conspiracy, aiding and

abetting, and injunctive relief and, therefore all claims must be dismissed. Additionally, HII argues that the motion is a shotgun pleading that should be dismissed.

II.     LEGAL STANDARDS

    A.     Shotgun Pleading

A shotgun pleading is one that violates Rule 8's requirement of a short and plain statement of the claim. The opposite of a short and plain statement of the claim is what is known as a "shotgun" pleading. "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018).

There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

B.  Motion to Dismiss

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679.

III.  DISCUSSION

A. Shotgun Pleading

HII argues the Amended Complaint is a shotgun pleading because it sets forth a long list of general allegations followed by counts adopting them. There is no prohibition

4

against this practice. *SEC v. Levin,* 2013 WL 594736, at *9 (S.D. Fla. Feb. 14, 2013) (pleadings may incorporate same set of factual circumstances into each claim without violating the shotgun pleading rule). Defendant also argues the Amended Complaint is so vague and ambiguous that it is almost impossible to discern the Plaintiffs' claims. The Court disagrees. The Amended Complaint attempts to describe the facts that support each element of the various RICO claims and the Defendants' alleged roles. The Amended Complaint puts Defendants on notice of the factual support for Plaintiffs' claims and is not a shotgun pleading.

B. Failure to State a Claim.

HII moves to dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Count I alleges a civil RICO violation. The relevant portion of the RICO statute provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). To survive a motion to dismiss a civil RICO claim, a private plaintiff "must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.,* 972 F.3d 1204 (11th Cir. 2020). HII argues that Plaintiffs fail to plausibly allege the elements of causation and injury to the business or property. HII also argues that Plaintiffs' Amended Complaint fails to plausibly allege the continuity required to establish a pattern of racketeering activity, conspiracy, or aiding and abetting, and that Plaintiffs are not entitled to injunctive or declaratory relief.

5

1. Causation

HII argues that Plaintiffs Griffin, Lawley, Needham, and Cooper lack standing to raise a RICO claim because they allege they purchased their health plans directly from HII and fail to allege that any association between HII and any other defendants caused them injury. This argument misconstrues the allegations of the Amended Complaint and the scope of RICO liability.

The Amended Complaint alleges the products Plaintiffs purchased were developed by HII and marketed through Simple Health or Assurance. (DE [50] ¶¶ 7-10, 69-100). The marketing was allegedly conducted through a system created by HII and the marketing companies, involving deceptive websites, search engine websites, misleading and high-pressure sales scripts, and falsified verifications. (*Id.* ¶¶ 38-67). The Amended Complaint alleges that Plaintiffs were led to believe through alleged misrepresentations and omissions that they purchased ACA-compliant health insurance but, in reality, what they purchased did not provide the coverage they expected and, as a result, each Plaintiff incurred substantial non-covered medical expenses. (*Id.* ¶¶ 39-100). This Court previously examined allegations regarding the identical scheme and concluded that "the Amended Complaint makes plain that Plaintiffs allege a direct injury caused by Defendants." *Belin v. Health Ins. Innovations, Inc.,* 2019 WL9575236, at *3 (Oct. 22, 2019), *report and recommendation adopted,* 2019 WL 9575230 (S.D. Fla. Dec. 30, 2019) (denying motion to dismiss on the ground plaintiffs failed to allege causation).

Next, HII argues Plaintiffs Lawley, Needham, and Cooper fail to state a claim because they purchased short-term health policies and not limited benefit indemnity plans. HII contends the factual allegations regarding the marketing of the plans pertain to the sale of limited benefit indemnity plans only and, therefore, the alleged RICO

violations could not have caused Plaintiffs' injuries.  This argument ignores the crux of Plaintiffs' Amended Complaint: that Defendants misrepresented their plans as providing comprehensive health insurance but the plans only provided limited benefits.  The actual structure of a particular plan purchased is not determinative of the claim.

    2. Injury to Business or Property

HII next argues that because Plaintiffs claim they were injured by having to pay out-of-pocket for medical expenses, Plaintiffs have not suffered injury to business or property.  Instead, HII argues Plaintiffs' damages arise from personal injuries and their claims are, therefore, beyond the scope of RICO. *See Blevins v. Aksut,* 849 F.3d 1016, 1021 (11th Cir. 2017) (RICO excludes claims for "personal injuries, including the pecuniary loss therefrom.").

Although HII correctly posits that RICO does not cover personal injury damages, *see Grogan v. Platt,* 835 F.2d 844, 847 (11th Cir. 1998), HII misconstrues the nature of the damages claimed by Plaintiffs.  Plaintiffs allege that they paid premium and fees that they would not have paid absent the misrepresentations and omissions made by Defendants and that they incurred medical expenses for which they were not reimbursed but that would have been covered by comprehensive health insurance.  These damages do not flow from personal injuries; they are economic damages allegedly caused by Defendants' fraudulent marketing scheme.  *See, Blevins,* 839 F.3d at 1021 (payments for unnecessary medical procedures were economic damages under RICO and did not arise from personal injuries).

The Sixth Circuit's decision in *Jackson v. Sedgwick Claims Mgmt. Services, Inc.,* 731 F.3d 556 (6th Cir. 2013) does not compel a different conclusion.  In *Jackson,* the plaintiffs' worker's compensation claims were denied and plaintiffs alleged their employer

7

and its claims administrator engaged in a RICO conspiracy designed to wrongfully deny their claims. The court dismissed the RICO claims on the ground the plaintiffs failed to allege injury to business or property. The Sixth Circuit affirmed, reasoning that because the losses alleged were "simply a shortcoming in the compensation they believed they were entitled to receive for a personal injury[,] [t]hey are not different from the losses the plaintiffs would experience if they had to bring a civil action to redress their personal injuries and did not obtain the compensation from that action they expected to receive." *Id*. at 566. By contrast, the damages Plaintiffs seek in the present case are economic damages in the form of uncovered medical expenses, allegedly caused by Defendants' fraudulent representations and omissions. The damages are not damages normally associated with claims for personal injuries. The Court concludes, therefore, that Plaintiffs state a claim for injury to business or property. *Blevins,* 849 F.3d at 1021.

    3. <u>Pattern of Racketeering Activity.</u>

Beyond establishing the existence of a RICO enterprise, a plaintiff must allege that "each defendant participated in the affairs of the enterprise through a 'pattern of racketeering activity,' which requires 'at least two acts of racketeering activity.'" *Cisneros,* 972 F.3d at 1215 (citing 18 U.S.C. §§ 1962(c)). "An act of racketeering activity, commonly known as a 'predicate act,' includes any of a long list of state and federal crimes." *Id*. (citing 18 U.S.C. § 1961(1)). "In addition to alleging the requisite number of individually chargeable predicate acts, a plaintiff must plausibly allege that the defendant is engaged in 'criminal conduct of a continuing nature.'" *Id*. (citing *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1264 (11th Cir. 2004)). HII moves to dismiss on the ground that Plaintiffs have (1) failed to plead mail or wire fraud as predicate acts and (2) failed to allege the required continuity.

a. <u>Predicate Acts</u>

Plaintiffs allege Defendants engaged in a scheme of mail and wire fraud to sell them non-ACA compliant health insurance products. (DE [50], ¶¶ 34-68). The alleged scheme involved HII's web-based internet platform called MyBenefitsKeeper, through which Plaintiffs and others completed applications, paid premiums, and received electronic versions of insurance cards. (*Id.* ¶ 33). Defendants located potential customers through deceptive lead-generating websites. (*Id.* ¶ 46). Sales agents from Assurance, Simple Health, and Nationwide allegedly utilized a script created by HII during telephone conversations with Plaintiffs and other customers to present a "high-pressure" and deceptive sales pitch. (*Id.* ¶¶ 51-57). These actions were designed to induce Plaintiffs and other consumers to purchase health insurance products that were not ACA-compliant and that did not provide the benefits promised in the telemarketer's sales pitch. (*Id.* ¶ 58). Plaintiffs allege they and other consumers relied upon Defendants' misrepresentations and omissions in purchasing products and in making payments. (*Id.* ¶ 68).

HII argues Plaintiffs' Amended Complaint fails to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). For the Amended Complaint to survive a Rule 9(b) challenge, the Plaintiffs must "plead (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff[]; and (4) what the defendants gained by the alleged fraud." *Cisneros,* 972 F.3d at 1216 (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1381 (11th Cir. 1997)). "Rule 9(b) must not be read to abrogate rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to

9

harmonize the directives of rule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir. 1985), *abrogated on other grounds, Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).

As in *Belin*, 2019 WL 9575236 at*4, the Plaintiffs plead the predicate fraud in great detail. Plaintiffs describe the script used by salespeople (DE [50] ¶¶ 51-59) and how the script was designed to mislead consumers into believing they were purchasing a "health insurance plan," or "medical insurance package," or a "PPO." (*Id.* ¶ 55). The Amended Complaint alleges the date(s) the Plaintiffs spoke with agents (*Id.* ¶¶ 70, 79, 89, 93, 97) and the way Plaintiffs were harmed (*Id.* ¶¶ 69-100) and Defendants benefitted (*Id.* ¶ 67). The Court concludes, therefore, that Plaintiffs have met the heightened pleading requirements of Rule 9(b).

    b. Continuity

HII argues that Plaintiffs fail to plausibly plead predicate acts that constitute a threat of continuing racketeering activity. Continuity is necessary to establish § 1962's pattern element. *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 239 (1989). HII argues that the contacts alleged between Defendants' agents and Plaintiffs took place in a twelve-month period and that a duration of twelve months is insufficient to establish continuity.

"'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. Continuity over a closed period may be shown by evidence of "a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term

criminal conduct." *Id.* at 242. HII admits the Amended Complaint describes a scheme that began in 2013 but argues none of the alleged predicate acts expand the relevant time period because they were not pled with the specificity required by Rule 9(b). The Court has determined the Amended Complaint satisfies Rule 9(b). Further, because the Amended Complaint alleges a time-period of conduct of more than five years, the Court concludes that the element of continuity is adequately pled.

4. Failure to Allege Conspiracy

HII argues that Count II, RICO conspiracy, should be dismissed because Plaintiffs have failed to successfully plead a substantive violation of § 1962(c). But, as set forth above, the Court has concluded that Plaintiffs have sufficiently pled a substantive RICO violation under § 1962(c), and, therefore, the predicate exists for Plaintiffs' RICO conspiracy claim under § 1962(d).

"A RICO conspiracy requires either showing: (1) an agreement with the overall objective of the conspiracy; or (2) an agreement to commit two predicate acts." *Belin,* 2019 WL9575236, at *8 (citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010)). Direct evidence is not required and the court may infer such agreements from the plaintiffs' allegations. *Id.*

HII argues the Plaintiffs do not clearly identify which parties allegedly conspired to violate § 1962(c) and, further, that Benefytt cannot conspire with its subsidiary, HPIH. The Amended Complaint sets forth detailed factual allegations from which the existence of a conspiracy can be inferred. The alleged fraudulent sales scripts used by the marketing company agents were reviewed, edited, and approved by HII; the large advanced commissions paid by HII to the marketing companies were allegedly multi-million dollar loans to fund their operations; HII and the marketing companies jointly

11

created misleading "lead generation" websites; and more. (DE [50] ¶¶ 28-68). And the alleged conspiracy can encompass both HII defendants: "the intracorporate conspiracy doctrine cannot be invoked to defeat a § 1962(d) claim." *Kirwin v. Price Communc'ns. Corp.,* 391 F.3d 1323, 1327 (11th Cir. 2004).

Finally, HII argues that Plaintiffs' conspiracy claim fails because they have not alleged that Defendants' conspiratorial acts, as opposed to the predicate acts, caused their injury. This argument lacks merit. Plaintiffs have alleged a conspiracy to violate RICO §1962(c) in violation of § 1962(d). To sustain a conspiracy claim, they must claim injuries caused by an overt act that is an act of racketeering or otherwise unlawful under the statute. *Beck v. Prupis,* 529 U.S. 494, 507 (2000). Plaintiffs have plausibly alleged injuries from acts of racketeering committed in furtherance of the conspiracy. The Amended Complaint states a claim under § 1962(d).

5. Aiding and Abetting

Again, HII argues Plaintiffs failed to state a substantive violation of § 1962(c) and, therefore, the aiding and abetting claim must fall. Again, the Court has concluded that the Amended Complaint states a substantive RICO claim, so this argument lacks merit. Next, HII argues that the aiding and abetting claim fails because the Amended Complaint does not allege any predicate acts of the marketing companies that were targeted at the named Plaintiffs. This is incorrect. The Amended Complaint states clearly that the plans sold to Plaintiffs were marketed by Assurance and Simple Health. (DE [50] ¶¶ 7-10). The Court concludes the Amended Complaint states a claim for aiding and abetting.

6. Injunctive or Declaratory Relief

HII argues that Plaintiffs lack standing to sue for injunctive or declaratory relief because they do not allege they are currently paying for Defendants' products or that they

are likely to in the future; HII also argues Plaintiffs have not pointed to any irreparable injury that would result absent an injunction.

Plaintiffs respond that the Amended Complaint "allege[s] facts that show class members will suffer future harm absent injunctive relief" and that HII is engaged in "an ongoing scheme to deceive consumers, through mail and wire fraud, into purchasing short-term 'health insurance' that provides little or no health coverage when they become ill or injured, which will result in future untreated illnesses or injuries unless Defendants are enjoined." (DE 66]).

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (*per curiam*). "A plaintiff has standing to seek declaratory or injunctive relief only when he 'allege[s] facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" *Bowen v. First Family Fin. Servs. Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (quoting *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346-47 (11th Cir. 1999)).

The Amended Complaint fails to plausibly allege the threat of irreparable future harm by continued sale of the health products to the named Plaintiffs or the putative class. The putative class is defined as "[a]ll persons who, from May 5, 2016 to the date of certification purchased a health insurance plan from Defendants through Assurance, Simple Health or Nationwide" with a subclass of persons defined as "[a]ll persons who, from May 5, 2016, to the date of certification purchased a health insurance plan from

13

Defendants through Assurance, Simple Health or Nationwide and incurred a medical expense that was not covered because the product was not a comprehensive health insurance plan." (DE [50] ¶ 132). The named Plaintiffs and the putative class members are all persons who have *already* purchased a health plan from Defendants. Plaintiffs fail to allege any serious threat of future injury that would be remedied by an injunction. Furthermore, that "adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir. 1990). Because the Amended Complaint fails to plausibly allege a threat of future harm or the lack of an adequate remedy at law, the claim for injunctive relief must be dismissed.

IV.   CONCLUSION

For the reasons discussed above, the Motion to Dismiss is granted in part and denied in part. Count IV, Injunctive Relief, will be dismissed. The Motion to Dismiss is denied in all other respects. Plaintiffs requested alternative relief of leave to amend their pleading. The Court declines to grant leave to amend. The Court granted Plaintiffs leave to amend their original Complaint and denied Defendants' first Motion to Dismiss as moot. (DE [49]). Furthermore, the Court finds that an amendment solely to raise a claim for injunctive relief is likely to be futile. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that HII's Motion to Dismiss Amended Complaint (DE [57]) is **GRANTED IN PART AND DENIED IN PART.** Count IV of the Amended Complaint (Declaratory and Injunctive Relief) is **DISMISSED WITH PREJUDICE.** The Motion to Dismiss is otherwise **DENIED**. HII shall file an answer to the Amended Complaint by **March 14, 2022.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of February 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF