UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62371-CIV-SINGHAL

WILLIAM JAMES GRIFFIN, *et al.*,

     Plaintiffs,

v.

BENEFYTT TECHNOLOGIES, INC., *et al.*,

     Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon the Motion to Dismiss (DE [78]) filed by Defendant Assurance IQ, LCC ("Assurance").  Assurance moves to dismiss the RICO claims raised in Plaintiffs' Amended Complaint for failure to state a claim and for failure to allege with particularity the facts supporting the alleged mail and wire fraud. Additionally, Assurance moves to dismiss the Plaintiffs' claims for lack of standing.

This Court previously considered the sufficiency of the RICO allegations and held that the Amended Complaint stated claims for RICO violations (DE [50]).  The Court did, however, dismiss the claims for injunctive and declaratory relief with prejudice for failure to allege a threat of future harm or the lack of an adequate remedy at law. (*Id.*).  The Court has re-reviewed the RICO allegations as against Assurance and, for the reasons previously set forth in its February 25, 2022, Order (DE [84]), concludes that Counts I, II, and III of the Amended Complaint state a claim for RICO violations but that Count IV does not. Count IV will be dismissed with prejudice.

Assurance argues that the claims of Griffin, Lawley, and Needham should be dismissed because (1) they are included in the class certified in *Belin v. Health Ins. Innovations, Inc.,* Case No. 19-cv-61430 (S.D. Fla. 2019) and (2) they did not purchase

benefit plans from Assurance.  It is premature to address these Plaintiffs' suitability as class representatives at the motion to dismiss stage. Assurance has filed a Notice of Supplemental Authority (DE [86]) and Plaintiffs have filed an affidavit (DE [89]), but at this stage of the litigation the Court's review is limited to the four corners of Plaintiffs' complaint. *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 959 (11th Cir. 2009). Whether these Plaintiffs are barred from participating in this action by the *Belin* class action will be evaluated on summary judgment or class certification.

Next, Assurance argues that because Plaintiffs Griffin, Lawley, and Needham did not purchase benefit plans from Assurance, they cannot establish that Assurance caused their alleged damages.  This argument misconstrues RICO liability.  To prevail on a RICO claim, the "plaintiff must show that the *racketeering activity* caused him to suffer an injury." *Beck v. Prupis,* 162 F.3d 1090, 1095 (11th Cir. 1998) (emphasis added).   "[T]he racketeering activity must be more than simply the 'but for' cause of the injury; it must also be the proximate cause." *Id.* at 1095-96.  Further, "a factor is a proximate cause if it is a substantial factor in the sequence of responsible causation." *Id.* (quoting *Cox v. Administrator United States Steel & Carnegie,* 17 F.3d 1386, 1399 (11th Cir. 1994)).

The Court has already found that Plaintiffs adequately alleged a pattern of racketeering activity.  Plaintiffs allege this pattern of racketeering caused their injuries. Again, taking the allegations of fact as true, dismissal on proximate cause grounds at this stage is premature.  At trial, or at the summary judgment stage, Plaintiffs must produce evidence to support each essential element of their case. *Id.* at 1096.  But at this stage of the litigation, Plaintiffs' allegations are sufficient.

For the reasons discussed in this Order and in the Court's February 25, 2022, Order (DE [84]), it is hereby

**ORDERED AND ADJUDGED** that Defendant Assurance IQ, LLC's Motion to Dismiss (DE [78]) is **GRANTED IN PART AND DENIED IN PART.**  Count IV of the Amended Complaint is **DISMISSED WITH PREJUDICE.**  The Motion to Dismiss is otherwise **DENIED.**  Defendant Assurance IQ, LLC shall file an Answer by **April 15, 2022.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of March 2022.

_____

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF