**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| WILLIAM JAMES GRIFFIN, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>BENEFYTT TECHNOLOGIES, INC., )<br>et al., )<br><br>Defendants. ) | Case No. 0:20- cv-62371-AHS |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and between Plaintiffs William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham ("Plaintiffs"), for themselves and the Settlement Class Members (as defined below) on the one hand, and Defendant Assurance IQ, LLC ("Assurance"), on the other hand.

Plaintiffs and Assurance are each a "Party" to this Settlement Agreement and are referred to collectively herein as the "Parties."

Subject to the terms and conditions set forth herein and to the Court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement embodied in this Settlement Agreement is intended by the Parties to be a full and final disposition of the Action with respect to Assurance and to fully, finally and forever resolve, discharge, dismiss and settle the Released Claims against the Released Parties.

The Parties agree that, by entering into this Settlement, Assurance is not admitting any liability, fault or violation of law. Rather, the Parties agree and acknowledge that Assurance vigorously denies all allegations and claims asserted against it, but like Plaintiffs, is entering into the Settlement to avoid the risk, burden and expense of continued litigation.

## I.     DEFINITIONS

As used in this Settlement Agreement and its exhibits, the following capitalized terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)     "Action" means the civil action captioned *William James Griffin, et al. v. Benefytt Technologies, et al.*, No. 0:20- cv-62371-AHS (S.D. Fla.).

(b)     "Additional Plaintiffs' Counsel" means F. Inge Johnstone and J. Dennis Gallups.

(c)     "American National" means American National Benefits Group, LLC.

(d)     "Assurance" means Assurance IQ, LLC, its parents, subsidiaries and affiliates and each of their current and former officers, directors, managers and employees.

(e)     "Assurance Released Parties" means Assurance and any and all related parties, including without limitation, Assurance's parent, Prudential Financial, Inc., any and all subsidiaries, affiliates, predecessors, or successors, any and all current or former officers, directors, employees, indemnitees, independent contractors, associates, shareholders, agents or other persons acting on its behalf, including but not limited to attorneys, advisors, consultants, auditors, accountants, underwriters, assigns, creditors, administrators, heirs, estates, or legal representatives and insurers.

(f)     "Benefytt Defendants" or "Benefytt" means Health Plan Intermediaries Holdings, LLC and Benefytt Technologies, Inc. formerly Health Insurance Innovations, Inc.

(g)     "CAFA Notice" means the notice required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, *et. seq.*

(h)     "Claim Form" means the form sent to Settlement Class Members and voluntarily

returned and/or submitted by Participating Settlement Class Members who seek to participate in the Settlement Classes. The Claim Form shall require a Settlement Class Member who seeks to participate to affirm his or her desire to participate, and to provide or confirm current contact information. The Claim Form shall also require each Settlement Class Member who seeks to be included in the Medical Expense Subclass to confirm under penalty of perjury that he or she incurred Uncovered Medical Expense(s) during the Class Period and the approximate amount. A copy of the Claim Form is attached as **Exhibit 1.B.**

(i)     "Class Counsel" means Whatley Kallas, LLP and Matt Carroll Law LLC.

(j)     "Class Period" means the period from May 5, 2016 to Preliminary Approval.

(k)     "Consideration" or "Class Payment" means the cash sum of $13.5 million ($13,500,000.00) that Assurance will pay into the Settlement Fund to settle the Action in accordance with the terms of this Settlement Agreement. Other than the Consideration or Class Payment, Assurance shall owe no additional monies of any kind under this Settlement Agreement.

(l)     "Court" means the United States District Court for the Southern District of Florida.

(m)     "Distribution(s)" means the distribution of the Net Consideration from the Settlement Fund to Participating Settlement Class Members. At the discretion of the Settlement Administrator with the prior approval of the Parties, the Net Consideration may be distributed to Participating Settlement Class Members (i) in multiple Distributions or (ii) in a single Distribution.

(n)     "Effective Date," or the date upon which the Settlement takes effect, means the date of Final Approval.

(o)     "Escrow Account" means one or more separate escrow account(s) into which the Consideration will be deposited for the benefit of the Settlement Classes until such time as the Consideration is transferred pursuant to the terms of this Settlement Agreement. All funds held in

the Escrow Account shall be the Settlement Fund and deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed pursuant to the terms of this Settlement Agreement and/or further order of the Court. The Escrow Agent shall invest the funds in the Escrow Account in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. All risks of loss related to the investment shall be borne solely by the Settlement Fund. In the event this Settlement Agreement fails for any of the reasons specified in Section X, below, the contents of the Escrow Account will revert to Assurance in accordance with the terms of that Section.

(p)     "Escrow Agent" means the person or institution selected with the approval of all Parties to receive and hold the Settlement Fund under the terms of this Settlement Agreement. The Settlement Administrator may act as Escrow Agent.

(q)     "Final Approval" means the date when the order granting final approval of the Settlement and entering judgment (the Final Order and Judgment) will be final and no longer subject to appeal, and specifically:

(1)     If no appeal is taken therefrom, the date on which the time to appeal (including any potential extension of time) has expired; or

(2)     If any appeal is taken therefrom, the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc and petitions for certiorari or any other form of review, have been finally disposed of, such that the time to appeal therefrom (including any potential extension of time) has expired, in a manner resulting in an

affirmance of Final Order and Judgment.

(r)     "Final Approval Hearing" means the hearing held by the Court to determine whether to enter the Final Order and Judgment.

(s)     "Final Order and Judgment" means an order granting final approval of the Settlement and entering judgment substantially in the form of **Exhibit 1.D** hereto.

(t)     "Medical Expense Subclass" means all Settlement Class Members who incurred Uncovered Medical Expense(s).

(u)     "Net Consideration" means the Settlement Fund less: (1) Court-awarded attorneys' fees and reimbursement of attorneys' costs and expenses; (2) Notice and Administration Expenses; (3) Taxes, if any; and (4) any other costs, fees or expenses approved by the Court.

(v)     "Notice" or "Class Notice" means the Notice of Class Action Settlement to be provided to each Settlement Class Member. Subject to approval of the Court, the Notice shall be substantially in the form attached as **Exhibit 1.A** hereto and shall describe for Settlement Class Members the requirements for excluding oneself from the Settlement or filing and pursuing an objection. The Settlement Administrator shall cause the Notice to be sent to each Settlement Class Member in accordance with the notice procedures described in Section VI.

(w)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred by the Settlement Administrator and/or any mailing agents retained by Settlement Administrator in connection with providing Notice to the Settlement Classes and distributing the Net Consideration to Participating Settlement Class Members, including but not limited to costs of printing and providing notice to persons in the Settlement Classes including, but not limited to costs for Direct Notice and the Settlement Website (all of which are defined in Section VI below); costs of administering the Settlement, including, but not limited to, the cost of printing and mailing

settlement payments; and costs of reviewing Claim Forms and verifying information therein.

(x)      "Objection Deadline" shall be the date set by the Court for Settlement Class Members to provide notice to the Court of their objection to this Settlement, which, subject to Court approval, shall be 90 days from Preliminary Approval, but in any event at least 45 days after Preliminary Approval and at least 21 days before the Final Approval Hearing.

(y)      "Opt-Out Deadline" shall be the date set by the Court for Settlement Class Members to provide the Settlement Administrator with notice of their desire to opt out of this Settlement, which, subject to Court approval, shall be 90 days from Preliminary Approval, but in any event at least 45 days after Preliminary Approval and at least 21 days before the Final Approval Hearing.

(z)      "Participating Settlement Class Members" means those Settlement Class Members who timely submit a valid Claim Form and do not timely and validly request exclusion from the Settlement.

(aa)     "Preliminary Approval" means the date on which the Court enters the Preliminary Approval Order.

(bb)     "Preliminary Approval Order" means the order by the Court granting preliminary approval of this Settlement Agreement, substantially in the form attached hereto as **Exhibit 1.C.**

(cc)     "Priority Insurance" means Independent Insurance Consultant, Inc., d/b/a Priority Insurance.

(dd)     "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, local law, common law or equity, state or federal antitrust laws, any state's consumer protection laws, unjust enrichment, contract, rule, regulation, any regulatory

promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that were advanced in the Action, or that are related to the facts, transactions, events, occurrences, acts, or omissions alleged in the Action and could have been advanced in the Action, as of the date of the Final Order and Judgment (excluding, for avoidance of doubt, any claims to enforce the Settlement or the Final Order and Judgment). However, for the avoidance of doubt, the Parties agree that the Settlement Agreement shall not limit Settlement Class Members' ability to claim or receive relief in connection with the settlement reached in the *FTC v. Benefytt Technologies, Inc.*, No. 8:22-cv-01794-TPB-JSS (M.D. Fla.). The Parties further agree that claims for violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*, or state court analogues, against the Benefytt Defendants, are not affected by this Settlement.

(ee)     "Released Parties" means Assurance Released Parties; the Settlement Class Members, including the Settlement Class Representatives, who do not timely opt out of the Settlement; and Class Counsel.

(ff)     "Releasing Parties" means Assurance; the Settlement Class Members, including the Settlement Class Representatives, who do not timely opt out of the Settlement; and Class Counsel.

(gg)     "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Settlement Agreement.

(hh)     "Settlement Administrator" means Kroll Settlement Administration, LLC and/or any third-party chosen by the Parties with expertise in the administration of class action settlements.

(ii)     "Settlement Agreement" means this Settlement Agreement and its exhibits.

(jj)      "Settlement Classes" or "Classes" shall mean the classes defined as follows:

The American National Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through American National during the Class Period, and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Assurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Assurance during the Class Period, and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Benefytt Class. All individuals who purchased limited benefit indemnity plans or short term medical plans directly from Benefytt during the Class Period, and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Priority Insurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Priority Insurance during the Class Period, and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Medical Expense Subclass. All individuals within any of the above Classes who incurred Uncovered Medical Expense(s).

Excluded from the Settlement Classes are Assurance, American National, Benefytt and Priority Insurance, as well as their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Assurance, American National, Benefytt or Priority Insurance has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded entity, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

(kk)   "Settlement Class Members" means those persons who are members of the Settlement Classes.

(ll)   "Settlement Class Representatives" means Plaintiffs William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham.

(mm)   "Settlement Fund" means the Consideration deposited in the Escrow Account and any interest or dividends that may accrue thereon.

(nn)   "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto), if any, imposed by any governmental authority.

(oo)   "Uncovered Medical Expenses" means medical expenses (i) incurred by a Settlement Class Member (ii) during the Class Period (iii) for which the Settlement Class Member made a claim for reimbursement under a Benefytt limited benefit indemnity plan or short term medical plan purchased through Assurance, American National, Benefytt and/or Priority Insurance that was in effect at the time the medical expense was incurred but (iv) whose claim was rejected in whole or in part.

(pp)   "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any other Settlement Class Member does not know or suspect to exist in her, his, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

## II.   THE SETTLEMENT CLASSES

The Parties stipulate to: (i) certification, for settlement purposes only, of the Classes (as

defined above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Plaintiffs as the Settlement Class Representatives; and (iii) appointment of Class Counsel as lead counsel.

Certification of the Classes shall be binding only with respect to the Settlement of the Action and only if the Final Order and Judgment contemplated by this Settlement Agreement becomes Final and the Effective Date occurs. Nothing in this Settlement Agreement shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class or classes other than for settlement purposes, and the Parties intend that the provisions herein concerning certification of the Classes shall have no effect whatsoever in the event the Final Order and Judgement is not entered, as defined in Section X.

Plaintiffs shall seek, and Assurance shall not oppose, Preliminary Approval and then Final Approval of this Settlement Agreement. If the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then this Settlement Agreement will be void subject to Section X below, and no doctrine of waiver, estoppel or preclusion will be asserted in any further litigated proceedings in this Action. No agreements made by or entered into by Assurance in connection with the Settlement Agreement may be used by Plaintiffs, any Settlement Class Member or any other person to establish any of the elements of liability in any further litigated proceedings, whether in the Action or any other judicial proceeding.

### III.   SETTLEMENT CONSIDERATION

(a)     In consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, Assurance shall pay the Consideration into the Escrow Account by check or wire transfer within 30 days after Preliminary Approval, provided that, at least 20 days prior to payment of this Consideration, Assurance has received from the Escrow Agent written instructions

specifying the payee, tax ID number, wire transfer instructions and/or physical address for delivery of the check with a contact person name and phone number and an executed W-9 form (if necessary).

(b)    Other than the Consideration, Assurance shall owe no additional monies of any kind under this Settlement Agreement.

## IV.    PAYMENT OF ATTORNEYS' FEES AND COSTS

(a)    Within 45 days of Preliminary Approval, Class Counsel will move for, and Assurance shall not oppose, an award of attorneys' fees not to exceed 33.33% of the Class Payment, plus reimbursement of expenses and costs incurred, to be paid from the Class Payment.

(b)    Within seven days after entry of the Final Order and Judgment, any award of attorneys' fees and costs shall be paid to Class Counsel from the Escrow Account according to wiring instructions that Class Counsel will provide. Any payment of attorneys' fees and costs pursuant to this Paragraph shall be subject to Class Counsel's joint and several obligation to make refunds or repayments to the Escrow Account of any paid amounts, plus accrued earnings at the same net rate as is earned by the Escrow Account, if: (a) as a result of any appeal or further proceedings on remand or successful collateral attack, the fee or cost is reduced, vacated, or reversed by a final, non-appealable court order; (b) this Settlement is terminated or cancelled for any reason; or (c) the Settlement is not approved or is reversed or modified by any court, except as to Plaintiffs' or Class Counsel's requests for attorneys' fees and cost reimbursement, as set forth in Section IV(e). If any one or more of the events described in this Paragraph occur, Class Counsel shall make the appropriate refund or repayment in full no later than 15 calendar days after receiving notice of the event(s).

(c)    With the sole exception of Assurance causing the payment of the Consideration

11

into the Escrow Account as provided for in Section III(a), Assurance shall have no responsibility for, shall take no position with respect to, and have no liability whatsoever with respect to, any payment whatsoever to Class Counsel. The sole source of any payment of attorneys' fees shall be the Settlement Fund.

(d)     Class Counsel, in their sole discretion, shall allocate and distribute any attorneys' fees or litigation expenses awarded in the Action in good faith among Class Counsel and Additional Plaintiffs' Counsel in this Action. Assurance shall have no responsibility for, and no liability whatsoever with respect to, any allocation of attorneys' fees or litigation expenses awarded in the Action.

(e)     This Settlement Agreement is not dependent or conditioned upon the Court's approving Plaintiffs' or Class Counsel's requests for attorneys' fees and cost reimbursement, or upon awarding the particular amounts sought. In the event the Court declines Plaintiffs' or Class Counsel's requests or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Parties. No appeal or proceeding seeking subsequent judicial review pertaining solely to the Court's award of attorneys' fees and cost reimbursement shall in any way delay or affect the time set forth above for the Judgment to become final, or otherwise preclude the Judgment from becoming final.

## V.     <u>PRELIMINARY APPROVAL</u>

(a)     Plaintiffs shall move the Court for entry of a proposed Preliminary Approval Order substantially in the form of **Exhibit 1.C.** hereto. Plaintiffs' motion shall request that:

1)     the Court certify the Classes for settlement purposes, appoint Plaintiffs as the Settlement Class Representatives for settlement purposes, and appoint Class Counsel as counsel for the Settlement Classes for settlement purposes;

2)      the Court preliminarily approve the Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible Final Approval;

3)      the Court approve the form and content of the Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

4)      the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and

5)      the Court set the Objection Deadline and the Opt-Out Deadline.

## VI.      NOTICE AND ADMINISTRATION PROCESS

(a)      The Settlement distribution process for the Settlement Classes will be administered by the Settlement Administrator with the assistance of a mailing agent or other administrator with expertise in the administration of class action settlements.

(b)      The Settlement Administrator's responsibilities with respect to Notice and administration of the Settlement shall include giving and/or supervising Notice to Settlement Class Members; sending, receiving, reviewing and adjudicating Claim Forms; obtaining new addresses for any returned mail; maintaining records of all its activities relating to Notice and administration of this Settlement; and other tasks reasonably required to effectuate the foregoing.

(c)      The Settlement Administrator shall provide and/or supervise email notice and mail notice to Settlement Class Members, as follows:

i.      Direct Notice. The Settlement Administrator will provide and/or supervise individual notice to all Settlement Class Members for whom the Parties have reasonably accessible contact information (the "Direct Notice"). The Direct Notice shall be provided as follows:

(1)      Email-Notice.  Notice of the Settlement shall first be sent by e-mail

to all Settlement Class Members as to whom the Parties have a reasonably accessible e-mail address (the "E-mail Notice"). E-mails sent shall have a "return receipt" or other such function that permits the Settlement Administrator and/or its mailing agent to reasonably determine whether e-mails have been delivered and/or opened. E-mails shall have a hyperlink that Settlement Class Member recipients may click and be taken to a landing page on the Settlement Website that contains the Class Notice and Claim Form.

(2)     Mail Notice. For Settlement Class Members for whom the Parties have a reasonably accessible mailing address, but not an associated e-mail address, and to those Settlement Class Members whose e-mails are returned as undeliverable, notice of the Settlement shall be sent via postcard to the most recent mailing address as reflected in reasonably available computerized records and/or data associated with the number (the "Mail Notice"). A National Change of Address update shall be performed before mailing. Skip tracing shall be performed for all returned mail. All costs of skip tracing will be considered Notice and Administrative Expenses.

(3)     The Direct Notice will include summary information pursuant to Federal Rule of Civil Procedure 23(c)(2)(B) on how to obtain and submit the Claim Form and also refer to the Settlement Website, which, as discussed below, will include information regarding the Settlement and also provide for online submission of the Claim Form and opt out requests.

ii.     Settlement Website. Within 45 days after Preliminary Approval, the Settlement Administrator will cause to be established and maintained the Settlement Website, using a URL selected by Assurance and subject to approval by Class Counsel, on which will be posted the Direct Notice and Claim Form. The Direct Notice shall direct recipients to the

Settlement Website. The Settlement Website will provide for online submission of the Claim Forms.

(d)     The Settlement Administrator shall also be responsible for overseeing the calculation of, and implementing the distribution of, the Net Consideration to Participating Settlement Class Members. Each Participating Settlement Class Member shall receive his or her *pro rata* share of the Settlement Fund. To calculate each *pro rata* share, first each Participating Settlement Class Member will be assigned a "total numerator" to be calculated as each Participating Settlement Class Member's unrefunded payments for limited benefit indemnity plans and/or short term medical plans (the "base numerator"), plus a "medical expense multiplier" equal to the base numerator if that Participating Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses of $25,000.00 or less, two times the base numerator if that Participating Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses in an amount between $25,000.00 and $50,000.00, and three times the base numerator if that Participating Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses in an amount greater than $50,000.00. The Net Consideration will be divided by the sum of all Participating Settlement Class Members' total numerators to calculate a "final multiplier," which shall be multiplied against each Participating Settlement Class Member's total numerator to arrive at that Participating Settlement Class Member's *pro rata* share.

(e)     The costs of Direct Notice, the Settlement Website and/or any other Notice and Administration Expenses, up to $150,000, that arise prior to Assurance's payment of the Consideration into the Settlement Fund shall be advanced by Assurance and credited toward total

Consideration owed by Assurance.

(f)     Within 14 days of the execution of this Settlement Agreement, Assurance shall pay $150,000 of the Consideration into the Escrow Account by check or wire transfer for use in the payment of initial Notice and Administration Expenses, which will be credited toward the total Consideration owed by Assurance.

(g)     All Notice and Administration Expenses of the Settlement incurred after Assurance's payment of the Consideration into the Settlement Fund shall be paid from the Settlement Fund. The Settlement Administrator shall be allowed to obtain reimbursement for Notice and Administration Expenses from the Settlement Fund upon approval of the Parties and without having to obtain leave of Court. Itemization of the Settlement Administrator's Notice and Administration Expenses shall be provided to counsel to the Parties upon request.

(h)     In conformance with the time limitations set forth in 28 U.S.C. § 1715(b), the Settlement Administrator, within 10 days after the filing of the motion for preliminary approval, will cause the CAFA Notice to be prepared and sent to the appropriate officials.

(i)     Notice shall be provided to all persons in the Settlement Class in accordance with the notice procedures approved by the Court. Within 45 days after Preliminary Approval, the Settlement Administrator shall cause the Direct Notice to be sent to all Settlement Class Members. For any Direct Notice that is returned as undeliverable, the Settlement Administrator or its mailing agent shall attempt to locate an alternative email or mailing address for the Settlement Class Member and re-send the Notice promptly.

(j)     Settlement Class Members must return and/or submit their Claim Form within 135 days of Preliminary Approval to receive a Distribution. Should any portion of a Settlement Class Member's Claim Form be incomplete or illegible, the Settlement Administrator and/or its mailing

agent shall use its best efforts to contact the Settlement Class Member and obtain a complete legible Claim Form.

(k)     Within three business days of the Effective Date, the Escrow Agent shall disburse the Net Consideration to the Settlement Administrator.

(l)     The Settlement Administrator thereafter shall cause the Distributions to be distributed to Participating Settlement Class Members consistent with the provisions of this Settlement Agreement.

(m)     No later than 10 days after the Effective Date, the Settlement Administrator and/or its mailing agent shall notify Class Counsel of the Distributions to be allocated to each Participating Settlement Class Member out of the Settlement Fund.

(n)     No later than 45 days after the date of the Effective Date, and subject to Class Counsel's prior approval, which shall not be unreasonably withheld, the Settlement Administrator shall cause the Distributions to be paid to Participating Settlement Class Members out of the Settlement Fund.

(o)     The Settlement Administrator shall endeavor to cause the entire Net Consideration to be distributed to Participating Settlement Class Members. No portion of the Settlement Fund will revert to Assurance. Any amount of the Settlement Fund greater than $20,000 that, owing to undeposited checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members, shall be redistributed to Participating Settlement Class Members whose checks were deposited. Any amount less than $20,000 shall be distributed to one or more non-profit or charitable organizations with a core mission of educating the public about the purchase of health insurance (the "*Cy Pres* Distribution"). The *Cy Pres* Distribution shall be made 240 days after the payment of all

Distributions to Participating Settlement Class Members. The Parties shall agree upon the proposed recipient(s) of the *Cy Pres* Distribution and shall submit a filing to the Court identifying such proposed recipient(s). The *Cy Pres* Distribution shall be made equally among the recipients designated by the Parties, subject to approval by the Court. If, for any reason, the Parties and/or the Court determine that one or more proposed recipients are not or are no longer appropriate recipients, the Parties shall agree on replacement recipient(s) of such monies, subject to Court approval.

(p)    Neither Assurance nor its counsel shall have any role in allocating or challenging the payment of Distributions from the Settlement Fund.

(q)    No later than 21 days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court an affidavit or a declaration stating that the Notice required by the Settlement Agreement has been given in accordance with the terms of the Preliminary Approval Order.

(r)    No later than 21 days prior to the Final Approval Hearing, Assurance shall file with the Court an affidavit or declaration stating that the CAFA Notice has been given in accordance with the statutory requirements.

## VII.    OPT-OUTS AND OBJECTIONS

(a)    Any Settlement Class Member who wishes to be excluded from the Settlement Classes must advise the Settlement Administrator in writing of that intent and the opt-out request must be postmarked no later than the Opt-Out Deadline. Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Settlement Agreement and the judgment, including the releases.

(b)    Any Settlement Class Member who submits a valid and timely request for exclusion

to the Settlement Administrator will not be bound by the terms of this Settlement Agreement. In a written request for exclusion, the Settlement Class Member must state:

(1)     the Settlement Class Member's full name;

(2)     the Settlement Class Member's address, telephone number, and email address;

(3)     a statement indicating that they are a member of one or more of the Settlement Classes and wish to be excluded from the Settlement; and

(4)     the Settlement Class Member's signature.

(c)     Any Settlement Class Member who intends to object to this Settlement Agreement or to Class Counsel's application for attorneys' fees and reimbursement of costs must file with the Court a written objection signed by the Settlement Class Member by the Objection Deadline. For an objection to be considered by the Court, the objection must be filed with the Court and must include all of the following:

(1)     the Settlement Class Member's full name, address, email address, and telephone number;

(2)     an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(3)     whether the objection applies only to the objector, or to the Settlement Classes as a whole, and the reasons for his or her objection, accompanied by any legal or factual support for the objection;

(4)     the name of counsel for the objector (if any), including any former or current counsel who may seek or receive compensation for any reason related to the objection;

(5)     the case name and civil action number of any other objections the objector

or his or her counsel have made in any other class action cases in the last 4 years; and

      (6)    whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

(d)    Any Settlement Class Member who timely and properly objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense.

(e)    A Settlement Class Member may not both opt out of the Settlement and object. If a Settlement Class Member submits both a request for exclusion and an objection, the request for exclusion will control. A Settlement Class Member who opts out of the Settlement may not object to the fairness of this Settlement Agreement.

(f)    Any Settlement Class Member who does not make an objection in the time and manner set forth herein shall be deemed to have waived any objections and be forever foreclosed from making any objection to the fairness or adequacy of the Settlement, including but not limited to the compensation of Settlement Class Members, the award of attorneys' fees and reimbursement of costs, or the Final Order and Judgment.

(g)    The Settlement Administrator shall provide Class Counsel and counsel for Assurance with copies of all opt-out notifications and, within 14 days after the Opt-out Deadline, shall provide counsel with a final list of all who have timely and validly excluded themselves from the Settlement Classes.

## VIII.   <u>FINAL ORDER AND JUDGMENT</u>

(a)    After the Preliminary Approval, Plaintiffs shall move for Final Approval of the Settlement no later than 30 days prior to the Final Approval Hearing. Plaintiffs' motion shall attach

a proposed Final Order and Judgment substantially in the form of **Exhibit 1.D** hereto.

(b)      For the Effective Date to occur, the Court must enter a Final Order and Judgment:

(1)      approving this Settlement Agreement without modification (except insofar as the Parties have agreed to such modification) as fair, reasonable and adequate to the Settlement Classes and direct its consummation according to its terms;

(2)      finding that the form and manner of notice implemented pursuant to this Settlement Agreement constitutes the best notice practicable under the circumstances; constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of Plaintiffs' claims, the terms of the proposed Settlement, the right to object to the proposed Settlement, the right to exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and meets the requirements of due process and applicable rules of civil procedure;

(3)      finding that all members of the Settlement Classes (except those who have timely and validly excluded themselves) shall be bound by this Settlement Agreement, including the release provisions and covenant not to sue;

(4)      directing that upon the Effective Date, judgment be entered dismissing the Action with prejudice;

(5)      incorporating the release and covenant not to sue set forth in the Settlement Agreement, and forever barring any claims or liabilities related to any Released Claims; and

(6)      retaining continuing and exclusive jurisdiction over matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

## IX.    RELEASE OF CLAIMS AND COVENANT NOT TO SUE

(a)     As of the date that both the Effective Date and the payment of the Consideration have occurred pursuant to Section III(a), Releasing Parties shall be deemed to have fully, finally and forever released and discharged the Released Parties from the Released Claims.

(b)     With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasing Parties expressly have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that they release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such addition or different facts. Plaintiffs and Assurance acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

(c)     Plaintiffs and each Settlement Class Member further covenant and agree that they

will not sue or bring any action or cause of action, or seek restitution or other forms of monetary relief, including by way of third-party claim, crossclaim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims; if involuntarily included in any such class action, they will not participate therein; and they will not assist any third party in initiating or pursuing a class action lawsuit in respect of any Released Claims.

(d)     The releases set forth in this Section may be raised as a complete defense and bar to any action or demand brought in contravention of this Settlement Agreement, including but not limited to any and all future claims for contribution or indemnity (and related claims where the injury to the non-settling defendants is their liability or risk of liability to Settlement Class Members) related to the Released Claims.

(e)     It is expressly understood and acknowledged by the Parties that the release and covenant not to sue set forth in this Section together constitute essential and material terms of the Settlement Agreement to be included in the proposed Final Order and Judgment.

## X.     POTENTIAL TERMINATION OF THE SETTLEMENT

(a)     Plaintiffs and Assurance shall each individually have the right to terminate the Settlement and this Settlement Agreement by providing written notice of his, her or its election to do so ("Termination Notice"), through counsel, to all other Parties hereto within 14 days of any of the following occurrences:

(1)     subject to Section X(d)(2), the Court declines to preliminarily or finally approve, or the Court (or any other court) requires material modifications of the Settlement Agreement, and the Parties do not jointly agree to accept the Settlement Agreement as judicially

modified or are unable to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval; or

(2)     any other grounds for termination provided for elsewhere in this Settlement Agreement occur.

(b)     If either Plaintiffs or Assurance terminate(s) this Settlement Agreement, the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, and any orders entered by the Court in connection with this Settlement Agreement shall be vacated.

(c)     This Settlement of the Action is contingent upon the approval of the United States District Court for the Southern District of Florida. Absent Court approval, there is no Settlement of the Action. If the Settlement of the Action is not consummated for any reason (including if the Court does not approve the Settlement of the Action), then all rights of parties in the Action are fully preserved.

(d)     If the Settlement is terminated or not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason:

(1)     The Settlement Fund (including the accrued interest thereon), less any Notice and Administration Expenses actually incurred or paid, and less any Taxes paid or due or owing, shall be refunded to Assurance in accordance with instructions provided by Assurance to Class Counsel no later than 7 days after the Settlement is terminated, the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason; and

(2)     The Parties agree to work collaboratively to effectuate this Settlement

Agreement. If for some reason it is not possible to do so, the Parties will work together in good faith to modify the terms herein as necessary to effectuate the Settlement Agreement. In the event the Court (or any other court) disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, then the Parties will either jointly agree to accept the Settlement Agreement as judicially modified or engage in negotiations in an effort to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval. The Parties may agree by stipulation executed by counsel to modifications of the Exhibits to this Settlement Agreement to effectuate the purpose of this Settlement Agreement and/or to conform to guidance from the Court with regard to the contents of such Exhibits without need for further amendment of this Settlement Agreement. Any such stipulation shall be filed with the Court.

## XI.   STAY OF PROCEEDINGS

(a)     Plaintiffs and Assurance shall move the Court to stay, or continue to stay, all proceedings except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Final Approval Order shall include an injunction that no person who has not opted out of the Settlement Classes and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in the Final Approval Order.

## XII.   <u>USE AND TAX TREATMENT OF THE CONSIDERATION</u>

(a)     The Consideration shall be applied as follows and only as follows: (1) to pay any

attorneys' fees and reimbursement of costs awarded by the Court; (2) to pay Notice and Administration Expenses; (3) to pay any Taxes; (4) to pay any other costs, fees, or expenses approved by the Court; and (5) to pay the Net Consideration to Participating Settlement Class Members.

(b)      All funds held in Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed or returned, pursuant to the terms of this Settlement Agreement, or further Order of the Court.

(c)      The interest from the Escrow Account will accrue *pro rata* to the benefit of the Settlement Classes if the Court approves the Settlement of the Action. But if the Court does not approve the Settlement of the Action, Section X(d)(1) applies.

(d)      The Parties agree that the Escrow Account is intended to be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. The Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the sole responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.

(1)      For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be

the Escrow Agent, who shall be responsible for timely and properly filing, or causing to be filed, all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Those tax returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of those funds as provided in subparagraph(b) of this Paragraph.

(2)    All Taxes shall be paid by the Escrow Agent out of the Settlement Fund.

## XIII.   CONFIDENTIALITY

(a)    The terms of this Settlement Agreement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a motion for preliminary approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the Settlement to the Court in the Action. The Parties may also communicate the terms of the Settlement to Benefytt, as necessary to effectuate the terms of this Settlement Agreement. Assurance may, at its sole discretion, disclose the terms of this Settlement Agreement to its auditors and other parties as reasonably necessary.

## XIV.   <u>MISCELLANEOUS</u>

(a)    This Settlement Agreement and the exhibits hereto constitute the entire agreement between the Parties to resolve the Action. Any previous memoranda between the Parties regarding settlement of the Action are superseded by this Settlement Agreement. No representations, warranties or inducements have been made by any of the Parties regarding the settlement of the Action, other than those representations, warranties, and covenants contained in this Settlement

Agreement.

(b)     The Settlement Agreement compromises claims that are contested and will not be deemed an admission by any Party as to the merits of any claim or defense. Neither this Settlement Agreement, any provision thereof, any document prepared in connection with the Settlement Agreement, nor any negotiations, statements and proceedings associated with the Settlement may be cited or used in any way in any proceeding as an admission by any Released Party, including any Plaintiffs, except that any and all provisions of the Settlement Agreement may be admitted into evidence and otherwise used in a proceeding to enforce any or all terms of the Settlement Agreement, or in defense of any claims released or barred by this Settlement Agreement.

(c)     Class Counsel and Plaintiffs agree to destroy all materials produced by Assurance or Benefytt in the Action within 60 days after the Effective Date pursuant to the Stipulated Protective Order entered in the Action.

(d)     This Settlement Agreement shall be governed by the laws of the State of Florida.

(e)     The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Plaintiffs and all Settlement Class Members, for the express and limited purposes of the administration and enforcement of this Settlement Agreement. As part of its agreement to render services in connection with this Settlement Agreement, the Settlement Administrator also consents to the jurisdiction of the Court for this purpose.

(f)     This Settlement Agreement was drafted jointly by the Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Party based upon the contention that this Settlement Agreement or a portion of it was purportedly drafted or prepared by that Party.

(g)     The Parties shall cooperate in good faith in the administration of this Settlement

Agreement and agree to use their best efforts to promptly execute all documents, seek and defend Court approval of this Settlement Agreement, and to do all other things reasonably necessary to complete and effectuate the Settlement described in this Settlement Agreement.

(h)     This Settlement Agreement may be signed in counterparts, and the separate signature pages executed on behalf of the Parties by their counsel may be combined to create a document binding on all Parties and together shall constitute one and the same instrument. Original signatures are not required. Any signature submitted by facsimile or as a .pdf file by email shall be deemed an original.

(i)     The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties. Unless expressly stated otherwise, references to days in this Settlement Agreement refer to calendar days as opposed to business or court days.

(j)     Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Settlement Agreement.

(k)     This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by duly authorized agents of Plaintiffs and Assurance.

(l)     Each Party acknowledges, agrees, and specifically warrants that he, she, or it has received independent legal advice with respect to the advisability of entering into this Settlement Agreement and the Releases, the legal effects of this Settlement Agreement and the Releases, and fully understands the effect of this Settlement Agreement and the Releases.

(m)     The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Settlement Agreement, through their counsel, they do so freely,

knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of this settlement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

(n)     This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties.

(o)     To the extent Congress or any other relevant regulatory authority promulgates different requirements or any other law or regulatory promulgation that would govern any conduct affected by the Settlement Agreement, those laws and regulatory provisions shall control. However, the Parties agree that changes in law shall not provide any basis for any attempt to alter, modify or invalidate this agreement.

(p)     Unless otherwise stated herein, any notice to Class Counsel or Assurance required or provided for under this Settlement Agreement shall be in writing and sent by electronic mail, fax, hand delivery, or overnight mail postage prepaid to:

If to Class Counsel:

Charles Nicholas Dorman
**WHATLEY KALLAS, LLP**
111 North Orange Avenue
Suite 800
Orlando, Florida 32801
Telephone: (321) 325-6624
Facsimile: (800) 922-4851
ndorman@whatleykallas.com

Patrick J. Sheehan
**WHATLEY KALLAS, LLP**
101 Federal Street, 19th Floor
Boston, MA 02110
Telephone: (617) 203-8459
Facsimile: (800) 922-4851
psheehan@whatleykallas.com

and

Matt Carroll
**MATT CARROLL LAW LLC**
P.O. Box 660749
Vestavia, AL 35216
Telephone: (205) 240-2586
matt@matcarrollfirm.com

If to counsel for Assurance:

Vincent A. Sama (*Pro Hac Vice*)
Catherine B. Schumacher (*Pro Hac Vice*)
Daphne Morduchowitz (*Pro Hac Vice*)
Sarah Fedner (*Pro Hac Vice*)
**SEYFARTH SHAW LLP**
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
vsama@seyfarth.com
cschumacher@seyfarth.com
dmorduchowitz@seyfarth.com
sfedner@seyfarth.com
and

Martha R. Mora (Fla. Bar No. 648205)
**AVILA RODRIGUEZ HERNANDEZ MENA & GARRO LLP**
2525 Ponce de Leon Boulevard, Suite 1225
Coral Gables, Florida 33134
Telephone: (305) 779-3560
Facsimile: (305) 779-3561
mmora@avilalaw.com

The notice recipients and addresses designated above may be changed by written notice.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURES APPEAR ON FOLLOWING PAGE]**

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of November 14, 2023.

**WILLIAM JAMES GRIFFIN**

By: _____

**ASSURANCE IQ, LLC**

By: _____

**ASHLEY LAWLEY**

By: _____

**WILLIAM "JEFF" COOPER**

By: _____

**SANDRA WILSON**

By: _____

**VICKI NEEDHAM**

By: _____

      **IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of November __, 2023.

**WILLIAM JAMES GRIFFIN**        **ASSURANCE IQ, LLC**

By: _____        By: _____

**ASHLEY LAWLEY**

By: _____

**WILLIAM "JEFF" COOPER**

By: _____

**SANDRA WILSON**

By: _____

**VICKI NEEDHAM**

By: _____

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of November 14, 2023.

**WILLIAM JAMES GRIFFIN**                 **ASSURANCE IQ, LLC**

By: _____            By: _____

**ASHLEY LAWLEY**

By: _____

**WILLIAM "JEFF" COOPER**

By: _____

**SANDRA WILSON**

By: _____

**VICKI NEEDHAM**

By: _____

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of November 14, 2023.

**WILLIAM JAMES GRIFFIN**

By: _____

**ASHLEY LAWLEY**

By: _____

**WILLIAM "JEFF" COOPER**

By: _____

**SANDRA WILSON**

By: *Sandra Wilson* _____

**VICKI NEEDHAM**

By: _____

**ASSURANCE IQ, LLC**

By: _____

**IN WITNESS WHEREOF**, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of November 14, 2023.

**WILLIAM JAMES GRIFFIN**                    **ASSURANCE IQ, LLC**

By: _____          By: _____

**ASHLEY LAWLEY**

By: _____

**WILLIAM "JEFF" COOPER**

By: _____

**SANDRA WILSON**

By: _____

**VICKI NEEDHAM**

By: Vicki Needham

32

# EXHIBIT 1.A.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**IMPORTANT NOTICE ABOUT A PROPOSED CLASS
ACTION SETTLEMENT THAT AFFECTS YOU**

PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION FROM A LAWYER.

A settlement of $13.5 million has been reached in a class action lawsuit brought by a group of Plaintiffs, William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham ("Plaintiffs"), who purchased limited benefit indemnity plans and/or short term medical plans made available by Defendants Benefytt Technologies, Inc. and Health Plan Intermediaries Holdings, Inc. (collectively, "Beneyfytt") either directly from Benefytt or through American National Benefits Group, LLC ("American National"), Defendant Assurance IQ, LLC ("Assurance") or Independent Insurance Consultant, Inc., d/b/a Priority Insurance ("Priority Insurance"). Defendants Benefytt Technologies, Inc., Health Plan Intermediaries Holdings, Inc. and Assurance IQ, LLC are collectively referred to herein as "Defendants."

Plaintiffs allege that themselves and other consumers purchased limited benefit indemnity plans and/or short term medical plans made available by Benefytt either directly from Benefytt or through distributors American National, Assurance and Priority Insurance and were led to believe that the limited benefit indemnity plans and/or short term medical plans were "comprehensive" health insurance plans (similar to those made available under the provisions of the Affordable Care Act (the "ACA" or "Obamacare")) when they were not. Defendants dispute these allegations.

Plaintiffs and Assurance agreed to enter into this settlement to avoid the uncertainties, delays and expenses of ongoing litigation, while providing class members with definite benefits now. **The purpose of this notice is to inform you of the class action and the proposed settlement so that you may decide what to do.**

### SUMMARY OF THE SETTLEMENT

**WHO'S INCLUDED?** Records show that you are a member of the Settlement Classes because (i) you purchased one or more limited benefit indemnity plans and/or short term medical plans made available by Benefytt either directly from Benefytt or through American National, Assurance or Priority Insurance during the time period from May 5, 2016 through [Preliminary Approval], and (ii) you paid fees and/or premiums that were not completely refunded or "charged back."

You may (or may not) also be a member of the "Medical Expense Subclass." The Medical Expense Subclass includes those who incurred medical expense(s) that were not covered by the limited benefit indemnity plans or short term medical plans.

**WHAT ARE THE SETTLEMENT TERMS?**

1

**What the Settlement Class Members Are Getting.**

Monetary Relief.  Assurance has agreed to create a $13.5 million settlement fund (the "Settlement Fund"), which will be distributed to Settlement Class Members after first deducting any attorneys' fees and costs, notice and administration expenses that the Court awards Plaintiffs and the attorneys representing the Class ("Class Counsel"). The amount remaining in the Settlement Fund after deduction of fees and expenses shall be the "Net Consideration."

**What the Settlement Classes Are Giving Up.**

In return for the relief that Assurance is providing, Settlement Class Members are deemed to have agreed to a release of any claims that they may have against Defendants relating in any way to the sale of limited benefit indemnity plans and/or short term medical plans made available by Benefytt and sold directly by Benefytt or through American National, Assurance or Priority Insurance.

**HOW CAN I GET PAYMENT?**

To receive a cash payment from the Settlement Fund, you must submit a Claim Form as provided below.

If you have moved within the last five years you may notify the Settlement Administrator in charge of administrating settlement of your new mailing address by writing to: Benefytt Class Action Settlement Administrator, c/o Kroll Settlement Administration, LLC, [ADDRESS].

**WHAT ARE MY OTHER OPTIONS?**

**You can exclude yourself:**  If you do not want to be bound by the settlement, then you can exclude yourself.  But you must do so by [MONTH DAY YEAR].  Part 11 below explains what you need to do to exclude yourself.  If you do not exclude yourself, and you timely submit a Claim Form by [MONTH DAY YEAR], and the settlement is given Final Approval by the Court, then you will remain a Settlement Class Member and you will receive your individual allocation of the Settlement Fund.  If you do not submit a Claim Form by [MONTH DAY YEAR], then you will not receive an allocation from the Settlement Fund.

**You can object:**  Alternatively, you may object to the settlement by [MONTH DAY YEAR].  Part 16 below explains what you need to do to object to the settlement.  The Court will hold a hearing on [MONTH DAY YEAR] beginning at [xxxxx p.m./a.m.] to consider whether to finally approve the settlement, as well as any request for attorneys' fees by class counsel (the "Fairness Hearing").  If you object, Part 19 explains how you may ask the Court to speak at the Fairness Hearing.  Persons who exclude themselves from the Settlement Class will not be bound by the Settlement; however, they cannot file an objection and cannot speak at the Fairness Hearing.

The rest of this Notice provides you with a more detailed summary of the settlement, and also more fully describes your legal rights and options.  For even more information, please visit www.benefyttsettlement.com (the "Settlement Website"), at which you may download a complete copy of the "Stipulation of Settlement and Release" and attached exhibits.  ***Please read all of this***

*Notice carefully and in its entirety because your legal rights may be affected whether you act or don't act.*

## BASIC INFORMATION

### 1.      Why did I receive this notice?

You received this notice because, according to the Benefytt's records, you purchased a limited benefit indemnity plan and/or short term medical plan made available by Benefytt either directly from Benefytt or through American National, Assurance or Priority Insurance.

You have a right to know about a proposed settlement of a class action lawsuit pending in the U.S. District Court for the Southern District of Florida (the "Court") entitled *William James Griffin, et al. v. Benefytt Technologies, et al.*, No. 0:20- cv-62371-AHS (S.D. Fla.) (the "Action"). You are entitled to know your options before the Court decides whether to approve the settlement. If the settlement is approved, certain payments will be distributed to Class Members, and Class Members will release claims arising from the conduct at issue in the Action. This package describes the Action, the Settlement, your legal rights, what relief is being offered to you, how that relief will be distributed and other important information. This Notice only summarizes the Settlement. The full terms of the Settlement are available for review at www.benefyttsettlement.com. If there is any conflict between this Notice and the Settlement Agreement, the Settlement Agreement governs. You should review the Settlement Agreement before deciding what to do.

### 2.      What is this lawsuit about?

Limited benefit indemnity plans and short term medical plans are not considered comprehensive health insurance, and they do not comply with the minimum essential health benefits requirements of the ACA.

Plaintiffs allege, among other things, that Benefytt, American National, Assurance and Priority Insurance lured Plaintiffs and other consumers with websites and standardized sales scripts that misled Plaintiffs and other consumers to believe that they were buying comprehensive health insurance, when in reality they were only buying limited benefit indemnity plans and/or short term medical plans. Plaintiffs allege that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which provides for treble damages and attorneys' fees against violators. Defendants deny that they did anything illegal or wrong.

This Settlement is a compromise of these and other claims described in the Settlement Agreement. Meanwhile, Part 21 of this Notice explains how you may obtain more information about the claims in this Action and Defendants' response to those claims. You can also visit www.benefyttsettlement.com to review Plaintiffs' operative complaint, the Parties' proposed Settlement Agreement, and other documents related to this Action.

### 3.      What is a class action, and why is this case a class action?

In a class action, one or more persons called "Class Representatives" (here, Plaintiffs) sue on behalf of people who have similar claims. All of these people with similar claims are a "Class"

or "Class Members." One court resolves the issues for all Class Members, and all Class Members are bound by the court's decision or settlement.

The Honorable Judge Anuraag Singhal of the U.S. District Court for the Southern District of Florida is in charge of this case.

Because the Settlement will determine the rights of the Settlement Class Members, the Parties must make the best effort practicable to send Notice to all of the Settlement Class Members before the Court can consider entering Final Approval of the Settlement and making it effective. If the Settlement is not given Final Approval, or otherwise fails to become final, or is terminated by the Parties for any of the reasons set forth in Section X of the Settlement Agreement, then the Settlement will become void, the Settlement Classes will no longer remain certified, and the Action will proceed as if there had been no Settlement and no certification of the Settlement Classes.

**4.      Why is there a settlement?**

The Court has not decided whether Plaintiffs or Defendants would win this case or whether the proposed classes could be certified. Instead, both sides agreed to the Settlement before any judgment was entered or any of the proposed classes were certified. That way, the Parties avoid the uncertainties and expenses of ongoing litigation, and the delays of a trial and possible appeals, while providing the Settlement Class Members with definite benefits now rather than the uncertain benefits potentially available from fully contested litigation years from now (if at all). Plaintiffs believe that settlement is in the best interest of Class Members because it offers them relief now, while at the same time allowing anyone who wishes to pursue their own individual claims against Defendants to exclude themselves from the Settlement Classes. The Settlement avoids the risk of an unfavorable result for Class Members, which could mean no recovery at all.

## WHO IS IN THE SETTLEMENT

**5.      Why did I receive this notice?**

The Court has preliminarily approved the certification of several classes for settlement purposes only.

The Court decided that everyone who fits the following description is a member of the "American National Class" for settlement purposes only:

> All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through American National from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Court decided that everyone who fits the following description is a member of the "Assurance Class" for settlement purposes only:

> All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Assurance from May 5, 2016 through [Preliminary

4

Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Court decided that everyone who fits the following description is a member of the "Benefytt Class" for settlement purposes only:

All individuals who purchased limited benefit indemnity plans or short term medical plans directly from Benefytt from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Court decided that everyone who fits the following description is a member of the "Priority Insurance Class" for settlement purposes only:

All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Priority Insurance from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Court has also decided that the following members of and of the above Classes may also make a claim to be included in the "Medical Expense Subclass" for settlement purposes only:

All individuals within any of the above Classes who incurred Uncovered Medical Expense(s).

Excluded from the Settlement Classes are Defendants, American National and Priority Insurance, as well as their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which a Defendant, American National or Priority Insurance has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded entity, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

As noted above, if this Notice was addressed to you, then, according to Benefytt's records, you are a member of the Settlement Classes and you will receive a distribution from the Settlement Fund if you complete and timely return a Claim Form as described in Part 7 of this Notice. You will be bound by the Settlement unless you timely and properly exclude yourself as described in Part 11 of this Notice.

**6.    What does the settlement provide?**

Assurance has agreed to create the $13.5 million Settlement Fund. If the Settlement receives Final Approval, the Settlement Fund will first be used to pay (1) Court-awarded attorneys' fees and reimbursement of costs; (2) Notice and Administration Expenses; (3) Taxes, if any; and (4) any other costs, fees, or expenses approved by the Court. The term "Notice and Administration Expenses" means all costs, fees, or expenses incurred in connection with providing Notice and distributing the Settlement proceeds to you. The money remaining after these fees and costs are deducted is the Net Consideration.

Each Settlement Class Member who timely submits a valid Claim Form and does not opt-out of the Settlement shall receive his or her *pro rata* share of the Settlement Fund. To calculate each *pro rata* share, first each Settlement Class Member will be assigned a "total numerator" to be calculated as each Settlement Class Member's unrefunded payments for limited benefit indemnity plans and/or short term medical plans (the "base numerator"), plus a "medical expense multiplier" equal to the base numerator if that Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses incurred Uncovered Medical Expenses of $25,000.00 or less, two times the base numerator if that Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses in an amount between $25,000.00 and $50,000.00, and three times the base numerator if that Settlement Class Member timely submits a Claim Form stating under penalty of perjury that he or she incurred Uncovered Medical Expenses in an amount great than $50,000.00. The Net Consideration will be divided by the sum of all Settlement Class Members' total numerators to calculate a "final multiplier," which shall be multiplied against each Settlement Class Member's total numerator to arrive at that Settlement Class Member's *pro rata* share.

The actual amount that each Settlement Class Member will receive will ultimately depend on a variety of factors, including the fees and expenses awarded by the Court, the expenses incurred by the Settlement Administrator, the number of Settlement Class Members who choose to opt out of the Settlement, the number of Subclass Members and the number of Settlement Class Members who timely return a Claim Form.

### 7. How can I get such relief?

As long as you (i) do not exclude yourself from the Settlement Classes and (ii) fully complete and submit or return the Claim Form so that it is postmarked no later than [MONTH DAY YEAR] to the Settlement Administrator, then you will receive a distribution from the Settlement Fund. You can return the Claim Form by submitting it at www.benefyttsettlement.com; mailing to Benefytt Class Action Settlement Administrator, c/o Kroll Settlement Administration, LLC, [ADDRESS]; or emailing it to the Settlement Administrator in .pdf format to [EMAIL ADDRESS].

The Claim Form contains a box where you will indicate under penalty of perjury whether you are a member of the Medical Expense Subclass.

If, from May 5, 2016, to [Preliminary Approval], you incurred medical expenses for which you made a claim for reimbursement under a Benefytt limited benefit indemnity plan and/or short term medical plan you purchased through Assurance, American National, Benefytt and/or Priority Insurance that was in effect at the time the medical expense was incurred, and that claim was rejected in whole or in part, then you should check the "Medical Expense Subclass" box and complete the rest of the Medical Expense Subclass section of the Claim Form.

**If you do not qualify as a member of the Medical Expense Subclass, don't worry. You will still receive some share of the Settlement Fund if you complete and timely submit your Claim Form.**

If you have moved within the last five years, you may notify the Settlement Administrator of your new mailing address by writing to: Benefytt Class Action Settlement Administrator, c/o Kroll Settlement Administration, LLC, [ADDRESS].

**8.      When would I get such relief and how will it be distributed to me?**

The Court will hold a hearing at [time] on [date] to decide whether to approve the Settlement.  The Court will only approve the Settlement if it finds it to be fair, reasonable and adequate.  It may take the Court several weeks or months after the hearing before it decides.  If the Court approves the settlement, then there may be appeals.  If appeals are filed, then it is uncertain how long it will take to resolve them.  It is also possible that this Settlement may be terminated for other reasons, such as those set forth in Section X of the Settlement Agreement (a copy of which is available for review at www.benefyttsettlement.com).  Please be patient.

The "Final Approval" date, as defined in the Settlement, is the date when the order granting Final Approval of the Settlement and entering judgment (the Final Order and Judgment) will be final and no longer subject to appeal. Distributions are expected to be made within 45 days of the Final Approval date. The Settlement Website will be updated from time to time to reflect the progress of the Settlement.

All checks will expire and become void 180 days after they are issued and will be considered unclaimed funds. Unclaimed funds will be considered a waiver by you of the right to receive a Distribution. Unclaimed distributions may be redistributed *pro rata* to other Class embers or to a nonprofit or charity via a *cy pres* fund.

**9.      Will the Settlement have any tax consequences on me?**

Neither the Court nor the Parties (including their counsel) can advise you about what, if any, tax consequences might arise for you from the Settlement.  You are encouraged to consult with your own tax advisor to determine whether any potential tax consequences could arise from your receipt of a Distribution.

**10.      Am I giving up anything by remaining in the Settlement Classes?**

If you don't exclude yourself, then you will remain in the Settlement Classes, and that means that if the Settlement is given Final Approval and reaches the Final Settlement Date, then you shall be deemed to be a "Releasing Party." As a Releasing Party, you shall be deemed to release the following "Released Claims":

> Any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, local law, common law or equity, state or federal antitrust laws, any state's consumer protection laws, unjust enrichment, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that were

advanced in the Action, or that are related to the facts, transactions, events, occurrences, acts, or omissions alleged in the Action and could have been advanced in the Action, as of the date of the Final Order and Judgment (excluding, for avoidance of doubt, any claims to enforce the Settlement or the Final Order and Judgment). However, for the avoidance of doubt, the Parties agree that the Settlement Agreement shall not limit Settlement Class Members' ability to claim or receive relief in connection with the settlement reached in the *FTC v. Benefytt Technologies, Inc.*, No. 8:22-cv-01794-TPB-JSS (M.D. Fla.). The Parties agree that claims for violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*, or state court analogues, against the Benefytt Defendants, are not affected by this Settlement.

This release will include claims that you and any other Settlement Class Member do not know or suspect to exist in her, his or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

If the Settlement is given final approval, then all Settlement Class Members will have expressly, and by operation of the Judgment to the fullest extent permitted by law, waived and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

As a "Releasing Party" you shall be deemed to understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, you shall be deemed to acknowledge that you are aware that you may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that you release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. You shall acknowledge, and by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

The full terms of the Release provisions of the Settlement are at Section IX of the Settlement Agreement, a copy of which is available at www.benefyttsettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**11.      How do I exclude myself from the Settlement Classes?**

If you don't want to be part of the Settlement, or if you want to keep the right to sue or continue suing the Released Parties on your own about the Released Claims, then you must take steps to exclude yourself from the Settlement Classes. This is also called "opting out" of the Settlement Class. If you exclude yourself from the Settlement Classes, you will not be bound by the Settlement and will not receive any relief offered by the Settlement, but you will be free to file and then pursue your own individual lawsuit regarding the Released Claims if you wish to do so. However, the Court has ruled that neither the Settlement, nor this Notice, nor the Court's preliminary approval order may be used as evidence in such individual lawsuits. You should be aware that if you do exclude yourself and plan to file your own action against the Released Parties, the statute of limitations applicable to your claim may prevent you from separately suing the Released Parties unless you act promptly.

To exclude yourself, you must mail a letter to the Settlement Administrator postmarked no later than [MONTH DAY YEAR] saying that you want to be excluded from the Settlement Classes. Your letter must be addressed to the Benefytt Class Action Settlement Administrator, c/o Kroll Settlement Administration, LLC, [ADDRESS], and must (i) contain a caption or title that identifies it as a "Request for Exclusion in *Griffin v. Benefytt*"; (ii) include your name, mailing address and email address(es) and contact telephone number; (iii) specify that you want to be excluded from the Settlement Classes; and (iv) be *personally* signed by you.

NOTE: If your request for exclusion is late or incomplete, then it will not be valid and you will remain part of the Settlement Classes. You will still be bound by the Settlement and other orders or judgments in the Action, and you will not be able to participate in any other lawsuits against Defendants and the Released Parties based on the Released Claims.

**12.      If I don't exclude myself, can I sue Defendants later for the same thing?**

No. If you do not exclude yourself from the Settlement Classes and the Settlement is given final approval, then you will give up the right to sue Defendants and the Released Parties for the Released Claims – *even if you do not timely submit a valid Claim Form.*

**13.      If I exclude myself, can I get anything from this Settlement?**

If you exclude yourself, you will not be eligible to receive any of the monetary benefits that the Settlement provides.

## THE LAWYERS REPRESENTING YOU

**14.      Do I have a lawyer in this case?**

Yes. The Court has appointed Whatley Kallas, LLP and Matt Carroll Law LLC to represent you and other Settlement Class Members in this Action and for purposes of this Settlement, and for no other purpose. These attorneys are called "Class Counsel," and they can be reached by writing them at:

Charles Nicholas Dorman

**WHATLEY KALLAS, LLP**
111 North Orange Avenue
Suite 800
Orlando, Florida 32801
Telephone: (321) 325-6624
Facsimile: (800) 922-4851
ndorman@whatleykallas.com

Patrick J. Sheehan
**WHATLEY KALLAS, LLP**
101 Federal Street, 19th Floor
Boston, MA 02110
Telephone: (617) 203-8459
Facsimile: (617) 371-2950
psheehan@whatleykallas.com

and

Matt Carroll
**MATT CARROLL LAW LLC**
P.O. Box 660749
Vestavia, AL 35216
Telephone: (205) 240-2586
matt@matcarrollfirm.com

You have the right to retain your own separate lawyer to represent you in this case, but you are not obligated to do so. If you hire your own lawyer, then you will be solely responsible for all of his or her fees and expenses. You also have the right to represent yourself before the Court without a lawyer, but if you want to appear at the Fairness Hearing you must comply with the procedures set forth in Parts 18 and 19 of the Notice below.

**15.   How will Class Counsel be paid?**

Class Counsel have prosecuted this case on a contingent-fee basis and, so far, have not been paid anything for their services. If the Settlement is approved, then Class Counsel will ask the Court for an award of attorneys' fees, to be paid from the Settlement Fund in an amount not to exceed 33.33% of the Settlement Fund, and expenses.

Class Counsel will file with their Court their request for attorneys' fees and expenses on or before [MONTH DAY YEAR], which will then be posted on www.benefyttsettlement.com.

The Settlement is not conditioned on the Court approving any specific amount of attorneys' fees and expenses. The Court will ultimately decide whether any attorneys' fees and expenses should be awarded to Class Counsel and in what amounts.

**16.   How do I tell the Court that I don't like the settlement?**

If you do not exclude yourself from the Settlement Classes, then you can object to the Settlement if you don't agree with any part of it. You can provide reasons why you think the Court should deny approval of the Settlement by filing an objection. However, you can't ask the Court to order a larger or different type of settlement as the Court can only approve or deny the Settlement presented by the Parties. If the Court denies approval, then no settlement relief will be available to the Settlement Class Members and the lawsuit will continue. If you file a written objection, then the Court will consider your views.

To object, you must file a written statement of objection with the Court. Your written objection must (i) contain a caption or title that identifies it as an "Objection to Case Settlement in *Griffin v. Benefytt*"; (ii) include your full name, mailing address and email address(es) and contact telephone number; (iii) provide an explanation of the basis upon which you claim to be a Settlement Class Member (such as, you received this Class Notice); (iv) state whether the objection applies only to you, or to the Settlement Classes as a whole, and the reasons for your objection, accompanied by any legal or factual support for the objection; (v) disclose the name and contact information of any and all attorneys representing, advising or in any way assisting you in connection with the preparation or submission of your objection; and (vi) disclose the case name and civil action number of any other objections that you or your counsel have made in any other class action cases in the last 4 years; (vii) state whether you intend to appear at the Final Approval Hearing on your own behalf or through counsel; and (viii) be *personally* signed by you.

You may file your written statement of objection in person at, or you may mail it to, the Clerk of Court, United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard #108, Ft. Lauderdale, Florida 33301. However, if you are represented by your own attorney, then your attorney must file your objection through the Court's Case Management/Electronic Case Filing (CM/ECF) system. To be considered timely and valid, all statements of objection must be filed with the Court by, or mailed sufficiently in advance to be received by the Court by [MONTH DAY YEAR]. Any Settlement Class Member who does not comply with the above deadline and requirements shall be deemed to have waived all objections to and shall be forever barred from challenging the Settlement.

### 17.    What's the difference between objecting and excluding yourself?

Objecting is simply telling the Court that you do not like something about the Settlement, but that you are still willing to be bound by it if the Settlement is finally approved despite your objection. You can object only if you stay in the Settlement Classes. Excluding yourself is telling the Court that you don't want to be part of the Settlement Classes at all. If you exclude yourself, you will not be subject to the Settlement and therefore cannot object to the Settlement or appear at the Fairness Hearing because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you are not required to.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at [time] on [date] before the Honorable Judge Anuraag Singhal at the U.S. District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, #107, Ft. Lauderdale, Florida 33301. At this hearing the Court will consider whether to: (1) grant final certification to the Settlement Classes for settlement purposes; (2) approve the Settlement as fair, reasonable and adequate; and (3) award any attorneys' fees and expenses to Class Counsel. After the hearing, the Court will decide whether to approve the Settlement. It is not possible to predict how long the Court's decision will take.

NOTE: The Court has reserved the right to change the date and/or time of the Fairness Hearing, or to continue it, without further notice. If you plan to attend the Fairness Hearing, you should confirm the date and time shortly before traveling to attend the hearing by checking www.benefyttsettlement.com or the Court's Public Access to Court Electronic Records (PACER) system at https://www.flsd.uscourts.gov/CMECF/default.htm.

### 18.   Do I have to attend the fairness hearing?

No, Class Counsel will represent the Settlement Classes at the Fairness Hearing. But you are welcome to come at your own expense. Even if you send an objection, you do not have to go to the Fairness Hearing to talk about it. As long as your objection was timely filed and meets the other requirements described in Part 16, the Court will consider it. You may also retain a lawyer at your own expense to represent you at the Fairness Hearing, but it is not necessary to do so.

### 19.   May I speak at the fairness hearing?

You may ask the Court for permission to speak at the Fairness Hearing, but only *if* you timely file an objection in full compliance with the instructions set forth in Part 16, and *if* you also state in that objection that you would like to speak at the Fairness Hearing. However, any separate attorney you hire may appear only if he or she files through the Court's Case Management/Electronic Case Filing (CM/ECF) system a separate "Notice of Intention to Appear in *Griffin v. Benefytt*, Case No. 0:20- cv-62371-AHS." That notice must be filed with the Court no later than [MONTH DAY YEAR]. You cannot speak at the Fairness Hearing if you have excluded yourself from the Settlement Classes.

### IF YOU DO NOTHING

### 20.   What if I do nothing?

If you do nothing and the Settlement is approved and reaches Final Approval, then you will be a Settlement Class Member. Even if you do not submit a Claim Form, you will be bound by the Settlement's release and other terms, and therefore you will not be able to file your own lawsuit, continue with your own lawsuit, or be part of any other lawsuit against the Released Parties concerning any of the Released Claims.

### ADDITIONAL INFORMATION

### 21.   Where can I get additional information?

      This Notice summarizes the proposed settlement. For precise terms and conditions of the Settlement, please see the full Settlement Agreement available at www.benefyttsettlement.com, by accessing the Court docket in this case through the Court's Case Management/Electronic Case Filing (CM/ECF) system at https://www.flsd.uscourts.gov/CMECF/, or by visiting the office of the Clerk of Court for the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard #108, Ft. Lauderdale, Florida 33301, between 8:30 a.m. and 4:30 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF THE COURT'S OFFICE OR DEFENDANTS TO INQUIRE ABOUT THIS SETTLEMENT**

# EXHIBIT 1.B.

**\*0000000000000\***
0 0 0 0 0 0 0 0 0 0 0 0

## *Griffin, et al. v. Benefytt Technologies, Inc. et al.*

U.S. District Court for the
Southern District of Florida (Case No. 0:20- cv-62371-AHS)

### CLAIM FORM

**SAVE TIME BY SUBMITTING YOUR CLAIM ONLINE AT
WWW.BENEFYTTSETTLEMENT.COM**

| **YOUR CLAIM FORM MUST BE SUBMITTED ON OR BEFORE <Claims Deadline>** | Benefytt Class Action Settlement Administrator c/o Kroll Settlement Administration LLC PO Box <Number> New York, NY 10150-5324 | FOR OFFICE USE ONLY |
|---|---|---|

### GENERAL CLAIM FORM INFORMATION

All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Settlement Agreement, which can be downloaded at www.benefyttsettlement.com.

To recover as a Settlement Class Member based on your claims in the above-captioned class action lawsuit (the "Action"), and/or to recover as a member of the Medical Expense Subclass in this Action, you must complete and sign this Claim Form. If you fail to submit a properly completed Claim Form, then you will be precluded from any recovery in connection with the proposed Settlement. And if you fail to submit a properly completed Claim Form and fail to request exclusion from the Settlement as set forth in the accompanying "Important Notice About a Proposed Class Action Settlement That Affects You" (the "Class Notice"), then you will also have released your claims against Defendants in this Action.

**YOU MUST SUBMIT ONLINE AT WWW.BENEFYTTSETTLEMENT.COM OR MAIL YOUR COMPLETED AND SIGNED CLAIM FORM SO THAT IT IS POSTMARKED NO LATER THAN [CLAIMS DEADLINE], TO THE SETTLEMENT ADMINISTRATOR ADDRESSED AS FOLLOWS:**

Benefytt Class Action Settlement Administrator
c/o Kroll Settlement Administration LLC
PO Box <Number>
New York, NY 10150-5324

**\*00000\***          **\*CF\***          **\*Page 1**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0 0

### TO SUBMIT A CLAIM FOR PAYMENT:

1. Please fill out Parts 1 and 3 below in their entirety and sign where indicated.

2. Please fill out Part 2 below in its entirety if you are a member of the Medical Expense Subclass and sign where indicated.

3. If submitting via mail, keep a copy of your Claim Form for your records.

4. If you desire an acknowledgment that the Settlement Administrator received your Claim Form, please send it by Certified U.S. Mail, Return Receipt Requested.

5. If you submit your Claim Form electronically, your submission is not deemed to have been properly submitted unless the Settlement Administrator sends you confirmation of receipt of the electronically submitted Claim Form.

If you move, please send your new address to the Settlement Administrator at the address below.

**AGAIN, THIS CLAIM FORM MUST BE RECIVED (IF SUBMITTED ONLINE) OR POSTMARKED (IF MAILED) NO LATER THAN [DEADLINE], ADDRESSED AS FOLLOWS**:

Benefytt Class Action Settlement Administrator
c/o Kroll Settlement Administration, LLC
PO Box <Number>, New York, NY 10150-5324

**To submit your claim online, visit www.benefyttsettlement.com.**

## I.   THE SETTLEMENT CLASSES

The American National Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through American National from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

Assurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Assurance from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Benefytt Class. All individuals who purchased limited benefit indemnity plans or short term medical plans directly from Benefytt from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

**\*0000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0

**\*00000\***                                   **\*CF\***                                   **\*Page 2**

<u>The Priority Insurance Class.</u> All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Priority Insurance from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

<u>The Medical Expense Subclass.</u> All individuals within any of the above Classes who incurred Uncovered Medical Expense(s).

If you complete this Claim Form properly and you timely submit it to the Settlement Administrator, then you will receive a cash settlement related to the premiums and fees you paid for the Benefytt limited benefit indemnity plans and/or short term medical plans you purchased through Assurance, American National, Benefytt and/or Priority Assurance. The amount you will receive cannot be determined until all Claim Forms are received.

## II.      THE MEDICAL EXPENSE SUBCLASS

In addition to being a member of the American National Class, the Assurance Class, the Benefytt Class and/or the Priority Insurance Class, you may also be a member of the Medical Expense Subclass, which includes all individuals within these Classes who incurred uncovered medical expenses.

You incurred "Uncovered Medical Expense(s)" if you (i) incurred medical expenses (ii) from May 5, 2016, through [Preliminary Approval] (iii) for which you made a claim for reimbursement under a Benefytt limited benefit indemnity plan or short term medical plan purchased through Assurance, Benefytt, American National and/or Priority Insurance that was in effect at the time the medical expense was incurred that (iv) was rejected in whole or in part.

If you complete the "Medical Expense Subclass" portion of this Claim Form properly and you timely submit it to the Settlement Administrator, then you will receive an enhanced cash settlement. Again, the amount you will receive cannot be determined until all Claim Forms are received.

If you believe you are not a member of the Medical Expense Subclass, then do not complete the "Medical Expense Subclass" portion of this Claim Form. (You will still be eligible to receive a cash settlement as part of the main Settlement Classes, as described in Section I above.)

**\*0000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0 0

**\*00000\***          **\*CF\***          **\*Page 3**

**This Claim Form Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:
[DEADLINE]**

Please Type or Print (in Blue or Black Ink)

## PART 1: CLAIMANT IDENTIFICATION

\*Class Member ID: **00000** \_\_\_ \_\_\_ \_\_\_ \_\_\_ \_\_\_ \_\_\_ \_\_\_ \_\_\_

\*Class Member ID: Your Class Member ID can be found on the Notice you received informing you about this Settlement. If you need additional help locating this Class Member ID, please contact the Settlement Administrator at (xxx) xxx-xxxx.

| Last Name | MI | First Name |
|---|---|---|

| Name of executor, administrator, guardian
Conservator and/or trustee (if applicable) | TITLE | Statement of authority
to act for Claimant. |
|---|---|---|

*(In the case of a Death: We require a copy of the Death Certificate along with a will, Probate judgement, etc. and a copy of your State/Federal Identification showing the name and current address of all the legally entitled heirs. Please mail any documentation to the Settlement Administrator)*

| Telephone Number (Primary Daytime) | Telephone Number (Alternate) |
|---|---|

Email Address

Address 1

Address 2

**\*0000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0 0

| | | |
|---|---|---|
| City | State Zip | Zip Code |

**\*00000\***          **\*CF\***          **\*Page 4**

**PART 2: MEDICAL EXPENSE SUBCLASS CLAIM**

Please read and sign below if the following is true and correct.

I swear and affirm under penalty of perjury that all of the following is true and correct:

1. I incurred one or more medical expenses from May 5, 2016 to [Preliminary Approval];

2. I made a claim or claims for reimbursement of those medical expenses under a Benefytt limited benefit indemnity plan or short term medical plan purchased through Assurance, American National, Beneytt and/or Priority Insurance that was in effect at the time the medical expense was incurred; and

3. My claim or claims for coverage was or were rejected in whole or in part.

4. As a result of this claim or these claims being rejected in whole or in part, my medical expenses not reimbursed by coverage total (check one):

    \_\_\_ $25,000.00 or less;

    \_\_\_ between $25,000.00 and $50,000.00; or

    \_\_\_ greater than $50,000.00.


Sign Name Here: _____

Print Name Here: _____

*0000000000000*

0000000000000

*00000*                    *CF*                    *Page 5

## PART 3: FINAL SIGNATURE AND AFFIRMATION

I declare under penalty of perjury under the laws of the United States of America that all the foregoing information supplied by me in this Claim Form is true and correct.

Signed this _____ day of _____ (Month/Year)

in _____.

(City),                    (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(If not you personally, state the capacity of person(s) signing, *e.g.*, Beneficial Holder, Executor or Administrator)

*0000000000000*
0000000000000

*00000*                    *CF*                    *Page 6

# EXHIBIT 1.C.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |  |
|---|---|---|
| WILLIAM JAMES GRIFFIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 0:20- cv-62371-AHS |
| BENEFYTT TECHNOLOGIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, currently before this Court is the motion of Plaintiffs William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham ("Plaintiffs"), for themselves and the Settlement Class Members, to preliminarily approve a Settlement Agreement entered into with Defendant Assurance IQ, LLC ("Assurance") to approve the form and method of providing notice to the Settlement Classes of the proposed Settlement and to set a date for a fairness hearing on the proposed Settlement;

WHEREAS, the Court has reviewed the Settlement Agreement, together with its exhibits;

WHEREAS, the Settlement Agreement provides that Assurance shall pay a total of $13.5 million to settle all claims in this Action;

WHEREAS, the Settlement appears to be the product of informed, arms-length settlement negotiations between Class Counsel and Assurance over a period of months with the help of mediator John S. Freud;

1

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and supporting declarations, and has found good cause for entering this Order; and

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement;

NOW THEREFORE, it is ORDERED and ADJUDGED as follows:

### The Settlement Classes and Class Counsel

1. The Court finds upon preliminary evaluation that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate. The Court finds that giving notice of the Settlement is justified pursuant to Federal Rule of Civil Procedure 23(e)(1). The Court hereby preliminary certifies the following Settlement Classes for purposes of judgment on the Settlement:

The American National Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through American National from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

Assurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Assurance from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Benefytt Class. All individuals who purchased limited benefit indemnity plans or short term medical plans directly from Benefytt from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a

2

refund or chargeback.

The Priority Insurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Priority Insurance from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Medical Expense Subclass. All individuals within any of the above Classes who incurred Uncovered Medical Expense(s).

Excluded from the Settlement Classes are Assurance, American National, Benefytt and Priority Insurance, as well as their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Assurance, American National, Benefytt or Priority Insurance has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded entity, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

2.    The Court determines for settlement purposes that the proposed Settlement Classes meet all of the requirements of Rule 23(a) and (b)(3).

3.    The Court appoints Plaintiffs William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham as representatives of the proposed Settlement Classes.

4.    The following lawyers are designated as class counsel for the Settlement Classes pursuant to Rule 23(g): Patrick J. Sheehan, W. Tucker Brown and C. Nicholas Dorman of Whatley Kallas, LLP and Matt Carroll of Matt Carroll Law LLC. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Classes.

## Preliminary Approval of the Settlement

5.      The Court preliminarily finds that the Settlement is the product of non-collusive, arm's-length negotiations between experienced class action attorneys who were well informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose settlement negotiations were supervised by an experienced and highly accomplished mediator, John S. Freud. The Settlement confers substantial benefits upon the Settlement Classes and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial and/or appeal concerning the claims at issue. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in the Action, and does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Classes.

6.      The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

7.      The Settlement Amount shall be paid to and managed by the Settlement Administrator, Kroll Settlement Administration, LLC, as detailed in the Settlement Agreement. All funds held by the Settlement Administrator shall be deemed and considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds are distributed pursuant to the Settlement Agreement.

## Manner and Form of Notice

8.      The Court approves the Class Notice substantially in the form attached as **Exhibit 1.A** of the Settlement Agreement. The proposed notice plan, which provides for direct notice via email (and then first-class mail to those whose email address cannot be located or whose

4

email is returned as undeliverable), will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action; the effect of the proposed Settlement (including on the Released Claims); the anticipated motion for attorneys' fees, reimbursement of litigation expenses; their rights to participate in, opt-out of, or object to any aspect of the proposed Settlement. The plan and the Notice constitute due, adequate and sufficient notice to Settlement Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination. Non-material modifications to the Notice may be made without further order of the Court.

9.      The Claim Form attached as **Exhibit 1.B** to the Settlement Agreement is approved. Non-material modifications to the Claim Form may be made without further order of the Court.

10.      The Court hereby appoints Kroll Settlement Administration, LLC as Settlement Administrator to carry out the Notice program, effect payment to Settlement Class Members and otherwise perform all administrative tasks set forth in Section VI of the Settlement Agreement.

11.      Within 45 days after entry of this Order ("Preliminary Approval"), the Settlement Administrator shall cause to be established and maintained the Settlement Website, using a URL selected by Assurance and subject to approval by Class Counsel, on which will be posted the Notice and Claim Form. The Notice shall direct recipients to the Settlement Website via a hyperlink. The Settlement Website shall provide for online submission of Claim Forms.

12.      Within 45 days of Preliminary Approval, Notice shall be sent by e-mail to all Settlement Class Members as to whom the Parties have a reasonably accessible e-mail address. Emails sent shall have a "return receipt" or other such function that permits the Settlement

Administrator to reasonably determine whether emails have been delivered and/or opened. Emails shall have a hyperlink that Class Members may click and be taken to a landing page on the Settlement Website. The Settlement Administrator shall also cause the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and supporting documents, as well as all other documents ultimately filed in support of Final Approval, to be posted on the Settlement Website.

13.    For Settlement Class Members for whom the Parties have a reasonably accessible mailing address but not an associated email address, and to those Settlement Class Members whose emails are returned as undeliverable, Notice shall be sent via postcard to the most recent mailing address as reflected in reasonably available computerized records and/or data associated with the number. A National Change of Address update shall be performed before mailing. Skip tracing shall be performed for all returned mail. All costs of skip tracing will be considered Notice and Administrative Expenses.

14.    All reasonable expenses incurred in notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid to Settlement Administrator from the Settlement Fund as set forth in the Settlement Agreement.

15.    The Settlement Administrator will require Settlement Class Members to timely submit the Claim Form, as required by the terms of the Settlement Agreement, in order to verify a Settlement Class Member's status as a Settlement Class Member and/or Subclass Member and their eligibility for any benefits under the Settlement, in addition to any other purposes consistent with the Settlement Administrator's responsibilities under the Settlement Agreement.

16.    The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class Members.

17.    In conformance with the time limitations set forth in 28 U.S.C. § 1715(b), within 10 days after the filing of the motion for preliminary approval, Assurance will cause the CAFA Notice to be prepared and sent to the appropriate officials.

### The Final Approval Hearing

18.    An approval hearing shall take place before the Court on _____, 202_, at a.m./p.m. in Courtroom 107 at the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Ft. Lauderdale, Florida 33301, to determine whether: (a) the proposed Classes should be certified for settlement purposes pursuant to Rule 23; (b) the Settlement should be approved as fair, reasonable and adequate; (c) full effect should be given to the releases contained in the Settlement Agreement and those provisions finally approved as contained therein; (d) this matter should be dismissed with prejudice; (e) Class Counsel's application for attorneys' fees and expenses should be approved; and (f) any other matters the Court deems necessary and appropriate.

19.    Any Settlement Class Member who has not timely and properly excluded themselves from the Settlement Classes in the manner described below may appear at the approval hearing in person or through counsel and be heard, as allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who excluded themselves from the Settlement Classes shall be entitled to object or otherwise appear at the approval hearing, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

20.    Papers in support of Class Counsel's application for attorneys' fees and reimbursement of litigation expenses shall be filed within 45 days after Preliminary Approval.

21.    Class Counsel's motion for final approval of the settlement shall be filed no less than 30 days before the Final Approval Hearing.

**Objections and Appearances at the Final Approval Hearing**

22.    Any Settlement Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's application for attorneys' fees and reimbursement of litigation expenses. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, unless that person filed an objection with the Clerk of the United States District Court for the Southern District of Florida electronically, in person, or by first-class mail postmarked within 90 days after the date of this Order (the "Objection and Opt-Out Deadline"). Absent leave of this Court, objections shall not exceed 20, double-spaced pages in length.

23.    For the objection to be considered by the Court, the objection must be in writing and set forth:

(a)    The name of this proceeding (*William James Griffin, et al., v. Benefytt Technologies, et al.*, No. 0:20- cv-62371-AHS (S.D. Fla.), or similar identifying words such as "Benefytt Lawsuit");

(b)    the Settlement Class Member's full name;

(c)    the Settlement Class Member's current address;

(d)    the Settlement Class Member's personal signature (an attorney's signature is insufficient);

(e)    a statement indicating why the Settlement Class Member thinks that the Settlement Class Member is a part of the Settlement Classes and/or the Medical Expense Subclass;

(f)      a statement with the reasons why the Settlement Class Member objects to the Settlement, accompanied by any legal support for the Settlement Class Member's objection;

(g)      a statement identifying all class action settlements to which the Settlement Class Member has objected in the previous five years;

(h)      a statement as to whether the Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through a lawyer, and if through a lawyer, identifying the lawyer by name, address and telephone number, and four dates prior to the Final Approval Hearing during which the Settlement Class Member is available to be deposed by counsel for the Parties; and

(i)      a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including copies of any and all exhibits the Settlement Class Member may seek to introduce at the Final Approval Hearing.

24.      Additionally, if the objecting Settlement Class Member is represented by a lawyer and the lawyer intends to seek compensation for his or her services from anyone other than the objecting Settlement Class Member, then the objection letter must include:

(a)      the identity of all lawyers who represent the objecting Settlement Class Member, including any former or current lawyer who may be entitled to compensation for any reason related to the objection;

(b)      a statement identifying all instances in which the lawyer or the lawyer's law firm have objected to a class action settlement within the preceding five years, giving the case name(s), case number(s) and court(s) in which the class action settlement(s) were filed;

(c)      a statement identifying any and all agreements or contracts that relate to the objection or the process of objecting — whether written or oral — between the Settlement Class Member, the Settlement Class Member's lawyer and/or any other person or entity;

(d)      a description of the lawyer's legal background and prior experience in connection with class action litigation;

(e)      a statement regarding whether the lawyer's compensation will be calculated on the basis of lodestar, contingency or other method;

(f)      an estimate of the amount of fees to be sought;

(g)      the factual and legal justification for any fees to be sought;

9

(h)     the number of hours already spent by the lawyer and an estimate of the hours to be spent in the future; and

(i)     the lawyer's hourly rate.

25.     Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object to the Settlement, may have their objection stricken from the record and may lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member shall also be bound by all the terms of the Settlement Agreement, this Order and by all proceedings, orders and judgments, including, but not limited to, the releases in the Settlement Agreement if Final Order and Judgment is entered.

26.     Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

27.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with the approval of the Settlement and/or the application for an award of attorneys' fees and reimbursement of expenses must indicate in their written objection their intention to appear at the hearing.

**Exclusions from the Settlement Classes**

28.     Any Settlement Class Member who wishes to be excluded from the Settlement Classes must mail a written notification of his or her intent to be excluded to the Settlement Administrator at the address provided in the approved notice attached to the Settlement Agreement postmarked no later than 90 days from the date of this Order (the "Opt-out Deadline"). Each written request for exclusion must be signed by the Settlement Class Member seeking exclusion, can only request exclusion for that one Settlement Class Member and must contain the following information:

10

(a)     the name of this proceeding (*William James Griffin, et al., v. Benefytt Technologies, et al.*, No. 0:20- cv-62371-AHS (S.D. Fla.), or similar identifying words such as "Benefytt Lawsuit");

(b)     the Settlement Class Member's full name;

(c)     the Settlement Class Member's current address;

(d)     the words "Request for Exclusion" at the top of the document or a statement that the Settlement Class Member does not wish to participate in the Settlement; and

(e)     a personal signature.

29.     Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If a Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Classes shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and Final Order and Judgment.

30.     The Settlement Administrator shall provide Class Counsel and counsel for Assurance with copies of all opt-out notifications and, within 14 days after the Opt-out Deadline, shall provide these counsel with a final list of all who have timely and validly excluded themselves from the Settlement Classes. All those Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Classes shall not be entitled to receive any benefits of the Settlement.

## Claims Process

31.     The Settlement Agreement establishes a process for claiming benefits under the Settlement. To receive any compensation, Settlement Class Members must submit to the Settlement Administrator the approved Claim Form, attached as **Exhibit 1.B** to the Motion for Preliminary Approval, within 135 days from the date of this Order.

## Termination of the Settlement and Use of this Order

32.     This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement and Settlement Agreement, and all rights and obligations thereunder, including any releases, shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever by any person or entity.

33.     This Order shall be of no force or effect if a Final Order and Judgment is not entered or there is no effective date under the terms of the Settlement Agreement; shall not be construed or used as an admission, concession or declaration by or against any party of any fault, wrongdoing, breach or liability; shall not be construed or used as an admission, concession or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper or unavailable; and shall not constitute a waiver by any Party of any defense or claims it may have in this Action or in any other lawsuit.

34.     No Party or counsel to a Party in this Action shall have any liability to any Settlement Class Member for any action taken substantially in accordance with the terms of this Order.

## Reservation of Jurisdiction

35.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

36.     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class Members. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website by the Settlement Administrator.

## Summary of Deadlines

37.     The Settlement Agreement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include, but are not limited to, the following:

| EVENT | TIMING |
|---|---|
| Deadline for Assurance to send CAFA Notice | [INSERT DATE]; 10 days after Court grants Preliminary Approval |
| Deadline for Assurance to pay $13.5 million Consideration to Escrow Agent | [INSERT DATE]; 30 days after Court grants Preliminary Approval |
| Deadline for Settlement Administrator to establish Settlement Website | [INSERT DATE]; 45 days after Court grants Preliminary Approval |
| Deadline for Settlement Administrator to send Notice to Settlement Class Members | [INSERT DATE]; 45 days after Court grants Preliminary Approval |
| Deadline to file Class Counsel's motion for attorneys' fees and litigation expenses | [INSERT DATE]; 45 days after Court grants Preliminary Approval |
| Objection deadline | [INSERT DATE]; 90 days after Court grants Preliminary Approval |
| Opt-out deadline | [INSERT DATE]; 90 days after Court grants Preliminary Approval |
| Deadline for Settlement Class Members to submit Claim Forms to Settlement Administrator | [INSERT DATE]; 135 days after Court grants Preliminary Approval |

| | |
|---|---|
| Deadline for Class Counsel to file motion for Final Approval of Settlement | [INSERT DATE]; 30 days before Final Approval Hearing |
| Deadline for Settlement Administrator to submit Affidavit or Declaration stating that the Class Notice has been given | [INSERT DATE]; 21 days before Final Approval Hearing |
| Deadline for the Assurance to submit Affidavit or Declaration stating that the CAFA Notice has been given | [INSERT DATE]; 21 days before Final Approval Hearing |
| Deadline for counsel for any objector to file a Notice of Appearance | [INSERT DATE]; 14 days before Final Approval Hearing |
| Final Approval Hearing | [INSERT DATE] |

DONE AND ORDERED in Ft. Lauderdale, Florida, this ___ day of _____, 2023.

_____
HON. RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1.D.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |  |
|---|---|---|
| WILLIAM JAMES GRIFFIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 0:20- cv-62371-AHS |
| BENEFYTT TECHNOLOGIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

Now before the Court is the Unopposed Motion for Final Approval of Proposed Settlement and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses filed by Plaintiffs William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham ("Plaintiffs"). The Parties ask the Court to enter this Final Order and Judgment granting final approval of the settlement, and Plaintiffs ask the Court (without opposition) to grant Class Counsel's motion for attorneys' fees and expenses. The Parties seek dismissal of this Action with prejudice. Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.      This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement dated _____, and all defined terms used herein have the same meaning given to them in the Settlement Agreement.

1

2.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The Court has personal jurisdiction over Assurance pursuant to Federal Rule of Civil Procedure 4(k). Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**A.      The Court Grants Final Approval to the Settlement**

3.      The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court further confirms certification of the Classes described in its Preliminary Approval Order, as Settlement Classes:

The American National Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through American National from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

Assurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Assurance from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Benefytt Class. All individuals who purchased limited benefit indemnity plans or short term medical plans directly from Benefytt from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Priority Insurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Priority Insurance from May 5, 2016

2

through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

<u>The Medical Expense Subclass.</u> All individuals within any of the above Classes who incurred Uncovered Medical Expense(s).

Excluded from the Settlement Classes are Assurance, American National, Benefytt and Priority Insurance, as well as their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Assurance, American National, Benefytt or Priority Insurance has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded entity, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

4.    Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class Members.

5.    The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Action, the Settlement and the Settlement Class Members' rights to object to the Settlement or opt-out of the Settlement Classes, to all persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

6.    The Court therefore directs the Settlement Administrator and the Parties to implement the Settlement Agreement according to its terms and conditions.

7.    Upon the later of (i) the Settlement Effective Date and (ii) payment by Assurance of the Settlement Consideration, the Releasing Parties shall be deemed to have provided the Released Parties with a full and final release of the Released Claims as provided in the Settlement Agreement.

8.      The persons identified in the attached Exhibit 1 requested exclusion from the Settlement Classes as of the Objection and Opt-Out Deadline. These persons shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendants. All other members of the Settlement Classes are hereinafter barred and permanently enjoined from prosecuting any Released Claims against the Released Parties in any court, administrative agency, arbitral forum or other tribunal.

9.      All Settlement Class Members not listed in Exhibit 1 shall be bound by the Settlement Agreement and this Final Approval Order and Judgment, including the release provisions and covenant not to sue.

10.      Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendants or any other Released Party, or (c) any fault or omission of Defendants or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11.      Within three business days of the Effective Date as that term is defined in the Settlement Agreement, the Escrow Agent shall disburse the Net Consideration to the Settlement Administrator. No later than 10 days after the Effective Date, the Settlement Administrator shall notify Class Counsel of the Distributions to be allocated to each Participating Settlement Class Member out of the Settlement Fund. No later than 45 days after the date of the Effective Date, the Settlement Administrator shall cause the Distributions to be paid to Participating Settlement Class Members out of the Settlement Fund.

12.      Any amount of the Settlement Fund greater than $20,000 that, owing to undeposited checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members, shall be redistributed by the Settlement Administrator to Participating Settlement Class Members whose checks were deposited. Any amount less than $20,000 shall be distributed to one or more non-profit or

charitable organizations with a core mission of educating the public about the purchase of health insurance (the "*Cy Pres* Distribution"). The Settlement Administrator shall make the *Cy Pres* Distribution within 240 days after payment of all Distributions to Participating Settlement Class Members.

13. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to the administration, consummation, enforcement and interpretation of the Settlement and/or this Final Order and Judgment, including any orders necessary to effectuate the Final Approval of the Settlement and its implementation. If any Party fails to fulfill its material obligations under the Settlement Agreement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of the Released Claims against the Released Parties and to reinstate the Released Claims.

14. If the Settlement does not become effective, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15. The Parties have complied with the requirements of the Class Action Fairness Act.

16. No person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

17. This Court retains exclusive jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement, including, but not limited to, any issues regarding the Parties and the Released Claims.

18. Upon the Settlement Effective Date, the Action shall be dismissed with prejudice.

**B.**     <u>Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses Is Granted</u>

19.     In Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses, Class Counsel requests that the Court approve the requested attorney's fee of $4,500,000.00 million, which is 33.33% of the $13,500,000.00 million Settlement Amount and reimbursement of current expenses in the amount of $[ _____ ].

20.     This Court has considered the requested fees both in light of the value of the relief obtained for the Settlement Class Members and finds the requested fee amount is fair and reasonable under the "percentage of recovery" method, which is the standard in the Eleventh Circuit. *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991).

21.     Following *Camden I*, percentage-based fee awards in the Eleventh Circuit have averaged around 33% of the class benefit. *See, e.g., Wolff v. Cash 4 Titles*, 2012 WL 5290155 at *5-6 (S.D. Fla. Sept. 26, 2012) (noting that fees in this Circuit are "roughly one-third"); T. Eisenberg, et al., *Attorneys' Fees in Class Actions: 2009- 2013*, 92 N.Y.U. Law Rev. 937, 951 (2017) (the median fee from 2009 to 2013 was 33%); B. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards, 7 J. Empirical L. Stud. 811 (2010) (during 2006 and 2007 the median fee was 30%); *Decl. of H. Hughes, Champs Sports Bar & Grill Co. v. Mercury Payment Systems, LLC*, No. 1:16-CV-00012-MHC (N.D. Ga.) (Doc. 82-1 at 4-5) (90% of the hundreds of common fund settlements a leading Atlanta mediator has negotiated provide for a fee of one-third of the benefit).

22.     Here, the requested fee award falls well within that range. The requested fee also falls within the range of the customary fee in the private market place, where 40 percent fee contracts are common for complex cases such as this. *See, e.g., In re: Checking Account Overdraft Litig*, No. 1:09002036, 2013 WL 11319391, at *18 (S.D. Fla. Aug. 5, 2013) ("Class Counsel's fee request falls within the range of the private marketplace, where contingency fee arrangements often approach or equal 40 percent of any recovery.").

23.     In light of the analysis of the *Camden I* factors, the arguments made by Class Counsel, Class Counsel's Declaration all submitted with the unopposed motion, the Court finds that Class Counsel's request for an award of attorney's fees in the amount of 33.33% of the

$13,500,000.00 million Settlement Amount, and reimbursement of their current expenses in the amount of [$ _____ ] is fair and reasonable.

24.     As such, Plaintiffs' Unopposed Motion for Attorney's Fees, Expenses and Service Award is **GRANTED**. Class Counsel shall be entitled to be paid attorney's fees in the amount of $4,500,000.00 and reimbursement of current expenses in the amount of [$ _____ ] from the Settlement Amount of $13,500,000.00 in accordance with the Settlement Agreement.

There is no just reason to delay entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DONE AND ORDERED, this ____ day of _____, 2024.

 

 

_____
HON. RAAG SINGHAL
UNITED STATES DISTRICT JUDGE