IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM JAMES GRIFFIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BENEFYTT TECHNOLOGIES, INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 20-cv-62371-AHS |

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, currently before this Court is the motion of Plaintiffs William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham ("Plaintiffs"), for themselves and the Settlement Class Members, to preliminarily approve a Settlement Agreement entered into with Defendant Assurance IQ, LLC ("Assurance") to approve the form and method of providing notice to the Settlement Classes of the proposed Settlement and to set a date for a fairness hearing on the proposed Settlement;

WHEREAS, the Court has reviewed the Settlement Agreement, together with its exhibits;

WHEREAS, the Settlement Agreement provides that Assurance shall pay a total of $13.5 million to settle all claims in this Action;

WHEREAS, the Settlement appears to be the product of informed, arms-length settlement negotiations between Class Counsel and Assurance over a period of months with the help of mediator John S. Freud;

1

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and supporting declarations, and has found good cause for entering this Order; and

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement; it is hereby

**ORDERED AND ADJUDGED** that the Motion for Preliminary Approval of Settlement Agreement (DE [210]) is **GRANTED** as follows:

## The Settlement Classes and Class Counsel

1. The Court finds upon preliminary evaluation that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate. The Court finds that giving notice of the Settlement is justified pursuant to Federal Rule of Civil Procedure 23(e)(1). The Court hereby preliminarily certifies the following Settlement Classes for purposes of judgment on the Settlement:

The American National Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through American National from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

Assurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Assurance from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

The Benefytt Class. All individuals who purchased limited benefit indemnity plans or short term medical plans directly from Benefytt from May 5, 2016 through

[Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

<u>The Priority Insurance Class.</u> All individuals who purchased Benefytt's limited benefit indemnity plans or short term medical plans through Priority Insurance from May 5, 2016 through [Preliminary Approval], and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

<u>The Medical Expense Subclass.</u> All individuals within any of the above Classes who incurred Uncovered Medical Expense(s).

Excluded from the Settlement Classes are Assurance, American National, Benefytt and Priority Insurance, as well as their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Assurance, American National, Benefytt or Priority Insurance has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded entity, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

2. The Court determines for settlement purposes that the proposed Settlement Classes meet all of the requirements of Rule 23(a) and (b)(3).

3. The Court appoints Plaintiffs William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham as representatives of the proposed Settlement Classes.

4. The following lawyers are designated as class counsel for the Settlement Classes pursuant to Rule 23(g): Patrick J. Sheehan, W. Tucker Brown and C. Nicholas Dorman of Whatley Kallas, LLP and Matt Carroll of Matt Carroll Law LLC. The Court

finds that these lawyers are experienced and will adequately protect the interests of the Settlement Classes.

### **Preliminary Approval of the Settlement**

5.     The Court preliminarily finds that the Settlement is the product of non-collusive, arm's-length negotiations between experienced class action attorneys who were well informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose settlement negotiations were supervised by an experienced and highly accomplished mediator, John S. Freud. The Settlement confers substantial benefits upon the Settlement Classes and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial and/or appeal concerning the claims at issue. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in the Action, and does not grant preferential treatment to Plaintiffs, their counsel, or any subgroup of the Settlement Classes.

6.     The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

7.     The Settlement Amount shall be paid to and managed by the Settlement Administrator, Kroll Settlement Administration, LLC, as detailed in the Settlement Agreement. All funds held by the Settlement Administrator shall be deemed and

considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds are distributed pursuant to the Settlement Agreement.

### Manner and Form of Notice

8.  The Court approves the Class Notice substantially in the form attached as **Exhibit 1.A** of the Settlement Agreement. The proposed notice plan, which provides for direct notice via email (and then first-class mail to those whose email address cannot be located or whose email is returned as undeliverable), will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action; the effect of the proposed Settlement (including on the Released Claims); the anticipated motion for attorneys' fees, reimbursement of litigation expenses; their rights to participate in, opt-out of, or object to any aspect of the proposed Settlement. The plan and the Notice constitute due, adequate and sufficient notice to Settlement Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination. Non-material modifications to the Notice may be made without further order of the Court.

9.  The Claim Form attached as **Exhibit 1.B** to the Settlement Agreement is approved. Non-material modifications to the Claim Form may be made without further order of the Court.

10. The Court hereby appoints Kroll Settlement Administration, LLC as Settlement Administrator to carry out the Notice program, effect payment to Settlement Class Members and otherwise perform all administrative tasks set forth in Section VI of the Settlement Agreement.

11. Within 45 days after entry of this Order ("Preliminary Approval"), the Settlement Administrator shall cause to be established and maintained the Settlement Website, using a URL selected by Assurance and subject to approval by Class Counsel, on which will be posted the Notice and Claim Form. The Notice shall direct recipients to the Settlement Website via a hyperlink. The Settlement Website shall provide for online submission of Claim Forms.

12. Within 45 days of Preliminary Approval, Notice shall be sent by e-mail to all Settlement Class Members as to whom the Parties have a reasonably accessible e-mail address. Emails sent shall have a "return receipt" or other such function that permits the Settlement Administrator to reasonably determine whether emails have been delivered and/or opened. Emails shall have a hyperlink that Class Members may click and be taken to a landing page on the Settlement Website. The Settlement Administrator shall also cause the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and supporting documents, as well as all other documents ultimately filed in support of Final Approval, to be posted on the Settlement Website.

13. For Settlement Class Members for whom the Parties have a reasonably accessible mailing address but not an associated email address, and to those Settlement Class Members whose emails are returned as undeliverable, Notice shall

be sent via postcard to the most recent mailing address as reflected in reasonably available computerized records and/or data associated with the number. A National Change of Address update shall be performed before mailing. Skip tracing shall be performed for all returned mail. All costs of skip tracing will be considered Notice and Administrative Expenses.

14. All reasonable expenses incurred in notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid to Settlement Administrator from the Settlement Fund as set forth in the Settlement Agreement.

15. The Settlement Administrator will require Settlement Class Members to timely submit the Claim Form, as required by the terms of the Settlement Agreement, in order to verify a Settlement Class Member's status as a Settlement Class Member and/or Subclass Member and their eligibility for any benefits under the Settlement, in addition to any other purposes consistent with the Settlement Administrator's responsibilities under the Settlement Agreement.

16. The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class Members.

17. In conformance with the time limitations set forth in 28 U.S.C. § 1715(b), within 10 days after the filing of the motion for preliminary approval, Assurance will cause the CAFA Notice to be prepared and sent to the appropriate officials.

## The Final Approval Hearing

18. An approval hearing shall take place before the Court on **Thursday, May 30, 2024**, **at 10:00 a.m.** in Courtroom 110 at the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Ft. Lauderdale, Florida 33301, to determine whether: (a)

the proposed Classes should be certified for settlement purposes pursuant to Rule 23; (b) the Settlement should be approved as fair, reasonable and adequate; (c) full effect should be given to the releases contained in the Settlement Agreement and those provisions finally approved as contained therein; (d) this matter should be dismissed with prejudice; (e) Class Counsel's application for attorneys' fees and expenses should be approved; and (f) any other matters the Court deems necessary and appropriate.

19. Any Settlement Class Member who has not timely and properly excluded themselves from the Settlement Classes in the manner described below may appear at the approval hearing in person or through counsel and be heard, as allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who excluded themselves from the Settlement Classes shall be entitled to object or otherwise appear at the approval hearing, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

20. Papers in support of Class Counsel's application for attorneys' fees and reimbursement of litigation expenses shall be filed within 45 days after Preliminary Approval.

21. Class Counsel's motion for final approval of the settlement shall be filed no less than 30 days before the Final Approval Hearing.

**Objections and Appearances at the Final Approval Hearing**

22. Any Settlement Class Member may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as

fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class Counsel's application for attorneys' fees and reimbursement of litigation expenses. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, unless that person filed an objection with the Clerk of the United States District Court for the Southern District of Florida electronically, in person, or by first-class mail postmarked within 90 days after the date of this Order (the "Objection and Opt-Out Deadline"). Absent leave of this Court, objections shall not exceed 20, double-spaced pages in length.

23. For the objection to be considered by the Court, the objection must be in writing and set forth:

>    (a) The name of this proceeding (*William James Griffin, et al., v. Benefytt Technologies, et al.*, No. 0:20- cv-62371-AHS (S.D. Fla.), or similar identifying words such as "Benefytt Lawsuit");
>
>    (b) the Settlement Class Member's full name;
>
>    (c) the Settlement Class Member's current address;
>
>    (d) the Settlement Class Member's personal signature (an attorney's signature is insufficient);
>
>    (e) a statement indicating why the Settlement Class Member thinks that the Settlement Class Member is a part of the Settlement Classes and/or the Medical Expense Subclass;
>
>    (f) a statement with the reasons why the Settlement Class Member objects to the Settlement, accompanied by any legal support for the Settlement Class Member's objection;
>
>    (g) a statement identifying all class action settlements to which the Settlement Class Member has objected in the previous five years;

(h) a statement as to whether the Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through a lawyer, and if through a lawyer, identifying the lawyer by name, address and telephone number, and four dates prior to the Final Approval Hearing during which the Settlement Class Member is available to be deposed by counsel for the Parties; and

(i) a detailed description of any and all evidence the Settlement Class Member may offer at the Final Approval Hearing, including copies of any and all exhibits the Settlement Class Member may seek to introduce at the Final Approval Hearing.

24. Additionally, if the objecting Settlement Class Member is represented by a lawyer and the lawyer intends to seek compensation for his or her services from anyone other than the objecting Settlement Class Member, then the objection letter must include:

(a) the identity of all lawyers who represent the objecting Settlement Class Member, including any former or current lawyer who may be entitled to compensation for any reason related to the objection;

(b) a statement identifying all instances in which the lawyer or the lawyer's law firm have objected to a class action settlement within the preceding five years, giving the case name(s), case number(s) and court(s) in which the class action settlement(s) were filed;

(c) a statement identifying any and all agreements or contracts that relate to the objection or the process of objecting — whether written or oral — between the Settlement Class Member, the Settlement Class Member's lawyer and/or any other person or entity;

(d) a description of the lawyer's legal background and prior experience in connection with class action litigation;

(e) a statement regarding whether the lawyer's compensation will be calculated on the basis of lodestar, contingency or other method;

(f) an estimate of the amount of fees to be sought;

(g) the factual and legal justification for any fees to be sought;

(h) the number of hours already spent by the lawyer and an estimate of the hours to be spent in the future; and

(i) the lawyer's hourly rate.

25.     Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object to the Settlement, may have their objection stricken from the record and may lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member shall also be bound by all the terms of the Settlement Agreement, this Order and by all proceedings, orders and judgments, including, but not limited to, the releases in the Settlement Agreement if Final Order and Judgment is entered.

26.     Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

27.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with the approval of the Settlement and/or the application for an award of attorneys' fees and reimbursement of expenses must indicate in their written objection their intention to appear at the hearing.

## **Exclusions from the Settlement Classes**

28.     Any Settlement Class Member who wishes to be excluded from the Settlement Classes must mail a written notification of his or her intent to be excluded to the Settlement Administrator at the address provided in the approved notice attached to the Settlement Agreement postmarked no later than 90 days from the date of this Order (the "Opt-out Deadline"). Each written request for exclusion must be signed by the Settlement Class Member seeking exclusion, can only request exclusion for that one Settlement Class Member and must contain the following information:

(a)     the name of this proceeding (*William James Griffin, et al., v. Benefytt Technologies, et al.*, No. 0:20- cv-62371-AHS (S.D. Fla.), or similar identifying words such as "Benefytt Lawsuit");

(b)     the Settlement Class Member's full name;

(c)     the Settlement Class Member's current address;

(d)     the words "Request for Exclusion" at the top of the document or a statement that the Settlement Class Member does not wish to participate in the Settlement; and

(e)     a personal signature.

29.    Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If a Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Classes shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and Final Order and Judgment.

30.    The Settlement Administrator shall provide Class Counsel and counsel for Assurance with copies of all opt-out notifications and, within 14 days after the Opt-out Deadline, shall provide these counsel with a final list of all who have timely and validly excluded themselves from the Settlement Classes. All those Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Classes shall not be entitled to receive any benefits of the Settlement.

## Claims Process

31.    The Settlement Agreement establishes a process for claiming benefits under the Settlement. To receive any compensation, Settlement Class Members must submit to the Settlement Administrator the approved Claim Form, attached as **Exhibit 1.B** to the Motion for Preliminary Approval, within 135 days from the date of this Order.

## **Termination of the Settlement and Use of this Order**

32. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement and Settlement Agreement, and all rights and obligations thereunder, including any releases, shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever by any person or entity.

33. This Order shall be of no force or effect if a Final Order and Judgment is not entered or there is no effective date under the terms of the Settlement Agreement; shall not be construed or used as an admission, concession or declaration by or against any party of any fault, wrongdoing, breach or liability; shall not be construed or used as an admission, concession or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper or unavailable; and shall not constitute a waiver by any Party of any defense or claims it may have in this Action or in any other lawsuit.

34. No Party or counsel to a Party in this Action shall have any liability to any Settlement Class Member for any action taken substantially in accordance with the terms of this Order.

### Reservation of Jurisdiction

35. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

36. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class Members. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website by the Settlement Administrator.

### Summary of Deadlines

37. The Settlement Agreement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include, but are not limited to, the following:

| EVENT | TIMING |
| --- | --- |
| Deadline for Assurance to send CAFA Notice | **12/11/2023**; 10 days after Court grants Preliminary Approval |
| Deadline for Assurance to pay $13.5 million Consideration to Escrow Agent | **12/31/2023**; 30 days after Court grants Preliminary Approval |
| Deadline for Settlement Administrator to establish Settlement Website | **01/16/2024**; 45 days after Court grants Preliminary Approval |
| Deadline for Settlement Administrator to send Notice to Settlement Class Members | **01/16/2024**; 45 days after Court grants Preliminary Approval |
| Deadline to file Class Counsel's motion for attorneys' fees and litigation expenses | **01/16/2024**; 45 days after Court grants Preliminary Approval |
| Objection deadline | **03/01/2024**; 90 days after Court grants Preliminary Approval |
| Opt-out deadline | **03/01/2024**; 90 days after Court grants Preliminary Approval |

| | |
|---|---|
| Deadline for Settlement Class Members to submit Claim Forms to Settlement Administrator | **04/15/2024**; 135 days after Court grants Preliminary Approval |
| Deadline for Class Counsel to file motion for Final Approval of Settlement | **04/30/2024**; 30 days before Final Approval Hearing |
| Deadline for Settlement Administrator to submit Affidavit or Declaration stating that the Class Notice has been given | **05/09/2024**; 21 days before Final Approval Hearing |
| Deadline for the Assurance to submit Affidavit or Declaration stating that the CAFA Notice has been given | **05/09/2024**; 21 days before Final Approval Hearing |
| Deadline for counsel for any objector to file a Notice of Appearance | **05/16/2024**; 14 days before Final Approval Hearing |
| Final Approval Hearing | **05/30/2024 at 10:00 a.m.** |

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 1st day of December 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF