UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20--62371-CIV-SINGHAL

WILLIAM JAMES GRIFFIN, et al.,

           Plaintiffs,

  v.

BENEFYTT TECHNOLOGIES, INC., et al.,

           Defendants.

## FINAL ORDER AND JUDGMENT

**THIS CAUSE** is before the Court is the Unopposed Motion for Final Approval of Proposed Settlement (DE [219]) and Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses (DE [218]) filed by Plaintiffs William James Griffin, Ashley Lawley, William "Jeff" Cooper, Sandra Wilson and Vicki Needham ("Plaintiffs"). The Parties ask the Court to enter this Final Order and Judgment granting final approval of the settlement, and Plaintiffs ask the Court (without opposition) to grant Class Counsel's motion for attorneys' fees and expenses. The Parties seek dismissal of this Action with prejudice. Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Unopposed Motion for Final Approval of Settlement (DE [219]) and Motion for Attorney's Fees (DE [218]) are **GRANTED** as follows:

1. This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement dated November 14, 2023, and all defined terms used herein have the same meaning given to them in the Settlement Agreement.

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The Court has personal jurisdiction over Assurance pursuant to Federal Rule of Civil Procedure 4(k). Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

A. **The Court Grants Final Approval to the Settlement**

3. The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court further confirms certification of the Classes described in its Preliminary Approval Order, as Settlement Classes:

> The American National Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short-term medical plans through American National from May 5, 2016 through December 1, 2023, and paid fees and/or premiums that were not completely recovered through a refund or chargeback.
>
> Assurance Class. All individuals who purchased Benefytt's limited benefit indemnity plans or short-term medical plans through Assurance from May 5, 2016, through December 1, 2023, and paid fees and/or premiums that were not completely recovered through a refund or chargeback.
>
> The Benefytt Class. All individuals who purchased limited benefit indemnity plans or short-term medical plans directly from Benefytt from May 5, 2016, through December 1, 2023, and paid fees and/or premiums that were not completely

recovered through a refund or chargeback.

<u>The Priority Insurance Class.</u> All individuals who purchased Benefytt's limited benefit indemnity plans or short-term medical plans through Priority Insurance from May 5, 2016, through December 1, 2023, and paid fees and/or premiums that were not completely recovered through a refund or chargeback.

<u>The Medical Expense Subclass.</u> All individuals within any of the above Classes who incurred Uncovered Medical Expense(s).

Excluded from the Settlement Classes are Assurance, American National, Benefytt, and Priority Insurance, as well as their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Assurance, American National, Benefytt, or Priority Insurance has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded entity, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class Members.

5. The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Action, the Settlement and the Settlement Class Members' rights to object to the Settlement or opt-out of the Settlement Classes, to all persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

6. The Court therefore directs the Settlement Administrator and the Parties to implement the Settlement Agreement according to its terms and conditions.

7. Upon the later of (i) the Settlement Effective Date and (ii) payment by Assurance of the Settlement Consideration, the Releasing Parties shall be deemed to have provided the Released Parties with a full and final release of the Released Claims as provided in the Settlement Agreement.

8. The persons identified in the attached Exhibit 1 requested exclusion from the Settlement Classes as of the Objection and Opt-Out Deadline. These persons shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendants. All other members of the Settlement Classes are hereinafter barred and permanently enjoined from prosecuting any Released Claims against the Released Parties in any court, administrative agency, arbitral forum, or other tribunal.

9. All Settlement Class Members not listed in Exhibit 1 shall be bound by the Settlement Agreement and this Final Approval Order and Judgment, including the release provisions and covenant not to sue.

10. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendants or any other Released Party, or (c) any fault or omission of Defendants or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11. Within three business days of the Effective Date as that term is defined in the Settlement Agreement, the Escrow Agent shall disburse the Net Consideration

to the Settlement Administrator. No later than 10 days after the Effective Date, the Settlement Administrator shall notify Class Counsel of the Distributions to be allocated to each Participating Settlement Class Member out of the Settlement Fund. No later than 45 days after the date of the Effective Date, the Settlement Administrator shall cause the Distributions to be paid to Participating Settlement Class Members out of the Settlement Fund.

12. Any amount of the Settlement Fund greater than $20,000 that, owing to undeposited checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members, shall be redistributed by the Settlement Administrator to Participating Settlement Class Members whose checks were deposited. Any amount less than $20,000 shall be distributed to one or more non-profit or charitable organizations with a core mission of educating the public about the purchase of health insurance (the "*Cy Pres* Distribution"). The Settlement Administrator shall make the *Cy Pres* Distribution within 240 days after payment of all Distributions to Participating Settlement Class Members.

13. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to the administration, consummation, enforcement, and interpretation of the Settlement and/or this Final Order and Judgment, including any orders necessary to effectuate the Final Approval of the Settlement and its implementation. If any Party fails to fulfill its material obligations under the Settlement Agreement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of the Released Claims against the Released Parties and to reinstate the Released Claims.

14. If the Settlement does not become effective, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

15. The Parties have complied with the requirements of the Class Action Fairness Act.

16. No person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member or acting on a representative basis or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

17. This Court retains exclusive jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement, including, but not limited to, any issues regarding the Parties and the Released Claims.

18. Upon the Settlement Effective Date, the Action shall be dismissed with prejudice.

**B.     Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses Is Granted**

19. In Plaintiffs' Unopposed Motion for Attorneys' Fees and Expenses, Class Counsel requests that the Court approve the requested attorney's fee of $4,500,000.00 million, which is 33.33% of the $13,500,000.00 million Settlement Amount and reimbursement of current expenses in the amount of $253,865.88.

20. This Court has considered the requested fees both in light of the value of the relief obtained for the Settlement Class Members and finds the requested fee amount is fair and reasonable under the "percentage of recovery" method, which is the standard in the Eleventh Circuit. *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991).

21. Following *Camden I*, percentage-based fee awards in the Eleventh Circuit have averaged around 33% of the class benefit. *See, e.g., Wolff v. Cash 4 Titles*, 2012 WL 5290155 at *5-6 (S.D. Fla. Sept. 26, 2012) (noting that fees in this Circuit are "roughly one-third"); T. Eisenberg, et al., *Attorneys' Fees in Class Actions: 2009- 2013*, 92 N.Y.U. Law Rev. 937, 951 (2017) (the median fee from 2009 to 2013 was 33%); B. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards, 7 J. Empirical L. Stud. 811 (2010) (during 2006 and 2007 the median fee was 30%); *Decl. of H. Hughes, Champs Sports Bar & Grill Co. v. Mercury Payment Systems, LLC*, No. 1:16-CV-00012-MHC (N.D. Ga.) (Doc. 82-1 at 4-5) (90% of the hundreds of common fund settlements a leading Atlanta mediator has negotiated provide for a fee of one-third of the benefit).

22. Here, the requested fee award falls well within that range. The requested fee also falls within the range of the customary fee in the private marketplace, where 40 percent fee contracts are common for complex cases such as this. *See, e.g., In re: Checking Account Overdraft Litig*, No. 1:09002036, 2013 WL 11319391, at *18 (S.D. Fla. Aug. 5, 2013) ("Class Counsel's fee request falls within the range of the private marketplace, where contingency fee arrangements often approach or equal 40 percent of any recovery.").

23. In light of the analysis of the *Camden I* factors, the arguments made by Class Counsel, Class Counsel's Declaration all submitted with the unopposed motion, the Court finds that Class Counsel's request for an award of attorney's fees in the amount of 33.33% of the $13,500,000.00 million Settlement Amount, and reimbursement of their current expenses in the amount of $ 253,865.88 is fair and reasonable.

24. As such, Plaintiffs' Unopposed Motion for Attorney's Fees, Expenses and Service Award (DE [218]) is **GRANTED**. Class Counsel shall be entitled to be paid attorney's fees in the amount of $4,500,000.00 and reimbursement of current expenses in the amount of $253,865.88 from the Settlement Amount of $13,500,000.00 in accordance with the Settlement Agreement.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of May 2024.

_____
HON. RAAG SINGHAL
UNITED STATES DISTRICT JUDGE